(86 App. Div. 166.)

## SKILTON v. CODINGTON.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. CHATTEL MORTGAGES—FAILURE TO FILE—RIGHTS OF CREDITORS.

The failure to file a chattel mortgage dated October 4, 1897, until October 2, 1902, rendered the same invalid and void, under the statute, as to those creditors only whose debts existed prior to the filing.

2. SAME—POSSESSION—RETENTION BY MORTGAGOR—SALE OF MORTGAGED PROPERTY.

A chattel mortgage was not, as a matter of law, rendered fraudulent and void as to creditors by provisions allowing the mortgagor to sell goods covered thereby, using the proceeds to pay the indebtedness and to purchase other goods to replace those sold.

3. SAME—DEALING WITH MORTGAGED PROPERTY.

A chattel mortgage which violates the provisions requiring its filing, and which is not accompanied by any change in possession, is valid as between the parties and as against creditors at large, and the same rules are applicable to an instrument improperly allowing the mortgagor to deal with the mortgaged property.

4. SAME—ATTACK—WHO ENTITLED TO.

In order to attack a chattel mortgage for failure to file or for the conditions therein, a creditor must, by judgment, execution, or other process, have obtained a specific lien and claim against the property involved.

5. SAME—BANKRUPTCY—RIGHTS OF TRUSTEE.

Bankr. Act July 1, 1898, § 67, subd. "a" (30 Stat. 564, 565, c. 541 [U. S. Comp. St. 1901, p. 3449]) provides that claims which would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate; and subdivision "b," that whenever a creditor is prevented from enforcing his rights as against a lien created by his debtor, who afterwards becomes a bankrupt, the trustee of the bankrupt's estate shall be subrogated to the rights of such creditor for the benefit of the estate. Section 70 provides that the trustee of a bankrupt shall be vested with the title of the bankrupt as of the date he was adjudged a bankrupt, except as to exempt property, property transferred in fraud of creditors, and property which, prior to the filing of the petition, the debtor could have transferred, or which might have been levied upon and sold under judicial process. When proceedings in bankruptcy were instituted, plaintiff's chattel mortgage had not been questioned by the mortgagor, or by any of the latter's creditors, and there was nobody who could successfully attack it on the ground that it was fraudulent because it permitted the mortgagor to deal with the property covered thereby. *Held*, that the act referred only to such creditors as had secured some specific claim against or lien on the property involved by the

---

¶ 4. See Chattel Mortgages, vol. 9, Cent. Dig. §§ 366, 432.

bankruptcy, and that plaintiff was entitled to enforce the lien of his mort-
gage as against the trustee of the bankrupt.

McLennan and Williams, JJ., dissenting.

Appeal from Trial Term, Ontario County.

Action by Raphael M. Skilton, as sole surviving partner of the firm
of T. J. & R. M. Skilton, against Charles S. Codington, as trustee in
bankruptcy of the estate of William J. Barron, bankrupt, impleaded,
etc. From an interlocutory judgment overruling defendant's demur-
rer to the complaint, he appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL
LIAMS, and HISCOCK, JJ.

F. B. Gill, for appellant.
George L. Bachman, for respondent.

HISCOCK, J. This action was brought to establish a lien upon,
and secure payment from, a fund of $2,600 held by the defendant as
the proceeds and in the place of certain personal property, and upon
which personal property plaintiff claimed to have a lien by virtue of
an instrument in the nature of a chattel mortgage.

The defendant served a demurrer to the complaint, upon the
grounds that the same did not state facts sufficient to constitute a
cause of action, and that the court had not jurisdiction of the sub-
ject-matter of the action. The latter ground seems to have been
abandoned, and at any rate requires no consideration. By the first
ground defendant raised certain objections to the validity of the
chattel mortgage, claiming that it appeared upon the face of the com-
plaint that the latter was void.

We think that the learned justice at Special Term properly disposed
of the demurrer, and that the judgment should be affirmed.

The truth of the allegations of the complaint being admitted by the
demurrer (Coatsworth v. Lehigh Valley R. R. Co., 156 N. Y. 451, 51
N. E. 301), we may, for the purposes of this appeal, regard the follow-
ing facts as established: The plaintiff, as indicated by the title of
the action, is the sole surviving partner of the former copartnership
of T. J. & R. M. Skilton, who were copartners in a general hardware
business. On or about October 4, 1897, they sold to the bankrupt,
Barron, certain stock and fixtures in their store for the sum of $6,000,
of which at the time $3,500 was paid in cash or its equivalent, and
Barron's note was given for the balance of $2,500. The transaction
was evidenced by an instrument in writing executed by the parties,
which, amongst other things, provided that the Skiltons should have
a lien for the payment of said note upon all the goods, wares, and
merchandise, etc., covered by the sale, and upon all other personal
property, goods, etc., which might be put or used in said premises
by Barron, and that such lien might be enforced upon nonpayment of
the note or upon depletion of the stock. There were various other
clauses, with reference to the foreclosure of the lien, such as are or-
dinarily found in chattel mortgages, and which are not material here.
Said instrument also contained a clause to the effect that Barron

might sell and dispose of said property and apply the proceeds of such sale to the payment of the debt in question, except such portion thereof as might be necessary for the expenses of the business or for replenishing or increasing the stock of goods covered by the instrument, it being understood and agreed that in such case the substituted stock should take the place of the stock sold and be subject to the lien of the chattel mortgage clause, and that no part of said stock, or the proceeds of the same, should be used or disposed of by said Barron except as so provided. It was further provided that Barron should keep the stock replenished, renewed, and of a value at least equal to its value at the time of the execution of the instrument. In other words, Barron had the right to sell goods covered by the instrument and apply the proceeds of such sales either to the payment of the debt or to purchasing new goods which should take the place of the ones sold in being covered by the lien of the mortgage, and the stock was always to be kept to its value at the time of the execution of the instrument. The right of the mortgagor to use for his own benefit any of the proceeds of sales was expressly negatived and prohibited. The note secured by this instrument was payable in five years, with interest payable semiannually, and the latter was paid until about April 4, 1902, after which no further payments were made. Nothing was ever paid upon the principal. The chattel mortgage was not filed until October 2, 1902, and upon November 7, 1902, plaintiff demanded possession of the property claimed to be covered by it, and which possession was refused. January 9, 1903, Barron, having previously been adjudged a bankrupt, the defendant Coddington was appointed trustee of his estate, and an order made allowing the sale of the stock of merchandise claimed to be covered by plaintiff's instrument, upon the condition that, out of the proceeds thereof, $2,600 would be set apart and stand as a substitute for the property sold, and said sum is now in the hands of said trustee under and pursuant to said arrangement.

The defendant trustee urges that it appears upon the face of the complaint that as to him, representing Barron's creditors, said mortgage was, first, absolutely void because of failure to file it, and, second, presumptively fraudulent because it permitted the mortgagor to deal with the property covered thereby. Defendant's success upon this appeal is dependent upon his ability in his behalf, as trustee in bankruptcy, to maintain these propositions. We do not think that he can do this, for various reasons. There are no allegations in the complaint from which it can be held, as matter of law, that the parties to said instrument were guilty of intentional, actual fraud and design to cheat Barron's creditors. The original transaction, as disclosed by the allegations of the complaint, was a perfectly proper and legitimate one, and the debt which plaintiff is seeking to enforce is an absolutely meritorious, bona fide one, representing in part the purchase price of the goods which were transferred to Barron—and the proceeds of which the defendant trustee is now seeking to hold against plaintiff—and his unpaid purchase price. If there was any vice in the chattel mortgage, it was by virtue of its being repugnant in its terms and conditions to statutory provisions. The failure to file said chattel

mortgage for a period succeeding its execution, as indicated by the evidence, did, under the statute, render the same invalid and void as to certain creditors. Such creditors, however, were those whose debts existed before the chattel mortgage was finally put upon file. The instrument became valid from the date of its filing, even though belated, as against those creditors whose debts subsequently accrued. Thompson v. Van Vechten, 27 N. Y. 568, 582; Karst v. Gane et al., 136 N. Y. 316, 32 N. E. 1073; Hicks v. Williams, 17 Barb. 523. It does not appear upon the face of the complaint that any other indebtedness against Barron, outside of that held by plaintiff, was in existence at the time said chattel mortgage was put upon file. The provisions allowing the mortgagor to sell goods covered by the mortgage, using the proceeds of such sale to pay the indebtedness and to purchase other goods to take the place of those sold, did not, as matter of law, render the mortgage fraudulent and void as to creditors. Brackett as Assignee v. Harvey, 91 N. Y. 214.

Passing by these obstacles to defendant's successful maintenance of his position upon this appeal, we think there are still others in his way which are insuperable. It is thoroughly settled, by authoritative and binding decisions in this state, that a chattel mortgage which violates the provisions requiring its filing, and which is not accompanied by any change in possession of the goods covered thereby, is still good and valid as between the parties and as against creditors at large, and the same rules are applicable to an instrument improperly allowing the mortgagor to deal with the property covered by the mortgage. In order to attack or successfully resist an instrument affected by these vices, a creditor must by judgment and execution or other process have obtained a specific lien and claim against the property involved. Button v. Rathbone, Sard & Co., 126 N. Y. 187, 27 N. E. 266; Stephens v. Meriden Britannia Co., 160 N. Y. 178, 54 N. E. 781, 73 Am. St. Rep. 678; Hardin v. Dolge et al., 46 App. Div. 416, 419, 61 N. Y. Supp. 753. There is nothing in the complaint to indicate that the defendant trustee represents any creditor who had, at the time of the adjudication in bankruptcy and the appointment of the trustee, obtained a judgment or other specific lien by virtue of his indebtedness. Unless, therefore, the trustee possesses some greater rights than the creditors whom he represents, he is not in position to attack the chattel mortgage upon the grounds alleged. His learned counsel has attempted to convince us that he does possess such rights by virtue of the provisions of the bankruptcy act, but we find ourselves unable to agree with the contentions thus made. Our attention has specially been called to certain sections of said act. It is provided, in part, by section 67, subd. "a" of said act, Act July 1, 1898, c. 541, 30 Stat. 564, 565 [U. S. Comp. St. 1901, p. 3449], that "Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate," and, by subdivision "b," that whenever a creditor is "prevented from enforcing his rights as against a lien created, or attempted to be created, by his debtor, who afterwards becomes a bankrupt," the trustee of the estate of such bankrupt is subrogated

to and may enforce the rights of such creditor for the benefit of the estate.  Section 70 provides:

"The trustee of the estate of a bankrupt upon his appointment and qualification, * * *, shall be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

We do not think that a fair construction of these provisions gives to the trustee any such right as is claimed for him in this case. The general purpose of the bankruptcy act was to turn over all of the property of the bankrupt, subject to certain exemptions, to his trustee, for the purpose of distribution amongst the creditors.  In the absence of express provision to the contrary, we think it must be assumed that it was the intention to effect such transfer of the bankrupt's property subject to the conditions and rights of the various creditors as they existed at the time when the bankruptcy proceedings became effective, and that it was not the intention to invest the trustee, in behalf of one class of creditors, with greater rights than they then possessed against any other class of creditors.  At the time the proceedings in bankruptcy in question were instituted, plaintiff's instrument had not been questioned by the bankrupt or by any of his creditors, if any existed.   In fact, so far as the evidence discloses, there was nobody who could successfully attack the mortgage upon the ground now urged.  If there were creditors who had claims upon which they might have laid the foundation by judgment or otherwise for such attack, they had refrained from so doing.  The plaintiff had a lien which he was at perfect liberty to enforce successfully.  If the appellant, by virtue of his appointment as trustee, has now acquired the right to attack the instrument upon the grounds urged, he has not only become, as claimed by the appellant, the representative of the creditors, but in addition to that, without any adequate consideration, he has acquired in their behalf greater rights than they possessed at the time when he was appointed. We think this is beyond the contemplation of the act in question. We think it is more just to construe the provisions of said act, already specially referred to, as meaning, so far as such an action as this is concerned, creditors who had secured some specific claim against or lien upon the property involved by the bankruptcy.  The word "creditor," as used in said provisions, is certainly not decisive against this view, and it seems to us proper, in accordance with the decisions of the highest court of the state, to construe it, for such purposes as are here under consideration, as meaning such a creditor as we have indicated.  In addition to this, the case of In re Economical Printing Co., 6 Am. Bankr. R. 615, 110 Fed. 514, very distinctly and emphatically sustains this view, and the principle of such case was reaffirmed in Re Garcewich, 115 Fed. 87, 53 C. C. A. 510.   It is true that in the case of In re Alexander Rodgers (decided in the Northern District of Illinois, and not reported)* expressions are found which perhaps are somewhat in conflict with the views expressed by us and those sustained by the cases last

* Reversed in Circuit Court of Appeals.  See 125 Fed.

cited. If the authorities, however, are to be regarded as in conflict upon this point, in the absence of a decision by the Supreme Court of the United States, we prefer to adopt those conclusions which are in accordance with the spirit· of the decisions of our own state.

The judgment should be affirmed, with costs. All concur, except McLENNAN and WILLIAMS, JJ., who dissent.