### SKILTON v. CODDINGTON et al.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1905.)

1. CHATTEL MORTGAGES—POSSESSION—RETENTION BY MORTGAGOR—SALE OF MORTGAGED PROPERTY—VALIDITY.

That a chattel mortgage authorized a mortgagor to retain possession and sell the mortgaged property, using the proceeds to pay the mortgage indebtedness and purchase other goods to replace those sold, did not render it fraudulent and void as to the mortgagor's creditors, as matter of law.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Chattel Mortgages, §§ 398, 401, 411.]

2. SAME—DELAY IN FILING—EFFECT—PERSONS ENTITLED TO OBJECT.

Neglect to file a chattel mortgage on a stock of goods for nearly five years after its execution did not affect its validity between the parties, nor as to creditors not having obtained a specific lien on the property by judgment and execution.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Chattel Mortgages, §§ 429, 434–436.]

3. SAME—BANKRUPTCY—RIGHTS OF TRUSTEES.

A trustee in bankruptcy has no greater right to attack a chattel mortgage executed by the bankrupt than the creditors represented by such trustee had at the time of the adjudication in bankruptcy.

4. SAME—APPEAL—LAW OF THE CASE.

Propositions considered and decided on a prior appeal are the law of the case, and will not be reconsidered on a subsequent appeal.

**5. SAME—DISALLOWANCE OF CLAIM—EFFECT.**

 The only lien claim filed in bankruptcy proceedings was that of plaintiff, claiming a lien under a chattel mortgage. This claim was indorsed by the referee, "Disallowed as a preferred claim," without evidence taken or order made; and the referee on the same day made an order for the sale of the property, and setting aside an amount sufficient to pay plaintiff's claim, "for the benefit of any lien that might thereafter be established." Thereafter the referee ordered the trustee to answer in an action to enforce plaintiff's lien, and directed that dividends be postponed till the action was determined, and that, if plaintiff was successful, the whole claim and costs should be paid from the estate. *Held*, that the disallowance of the claim as a preferred claim did not amount to an adjudication of the invalidity of plaintiff's lien, so as to bar a subsequent trial and determination thereof.

Appeal from Special Term, Ontario County.

Action by Raphael M. Skilton, as sole surviving partner of the firm of T. J. & R. M. Skilton, against Charles S. Coddington, as trustee in bankruptcy, etc., and others. From a judgment in favor of plaintiff, defendant Coddington appeals. Affirmed.

See 83 N. Y. Supp. 351.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

O'Brien & Short, for appellant.

George L. Bachman, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs.

The action was brought to establish and enforce a lien upon personal property. The facts appearing from the record are, in brief: That the Skilton firm, October 4, 1897, sold and delivered to the defendant Barron a stock of goods at the agreed price of $6,000, of which $2,000 was paid down, $1,500 was paid by an accepted order, and the remaining $2,500 was put in a note made by Barron, dated that day, and payable to the Skiltons, at Geneva National Bank, five years from date, with interest semiannually, with privilege of paying any part of principal, in sums of not less than $200, on any interest day. An agreement in writing was made at the time by the parties, wherein, among other things, it was agreed that the Skiltons should have a lien, as security for the payment of the $2,500 note, upon the property sold, and all other personal property which Barron might put in the business; that Barron might sell and dispose of the property, and apply the proceeds to the payment of the note; and that he would so apply such proceeds, except what was necessary for the expenses of the business, or to replenish or increase the stock, and in such case the substituted stock should take the place of that sold, and no part of the proceeds of sales should be otherwise used or disposed of, and he should keep the stock replenished, renewed, and of the value equal to that at the time the sale was made by the Skiltons to Barron. There were also provisions in the agreement for the foreclosure of the lien, if necessary. Barron took possession of the stock, and conducted the business pursuant to the agreement, and paid the interest on the note down to April 4, 1902. The agreement was

never filed until October 2, 1902, when Skilton, survivor of firm, caused it to be filed in the Geneva city clerk's office—the proper place for filing chattel mortgages, etc. The $2,500 note became due October 4, 1902, and was not paid. November 6, 1902, a petition in involuntary bankruptcy of the creditors of Barron was filed, and on the same day, on petition of the creditors, Chamberlain was appointed receiver of Barron's property, and qualified and took possession of the property. November 7, 1902, the surviving Skilton partner caused to be served upon the receiver, Chamberlain, a written notice specifying his interest in the property under the agreement then on file, and the amount of his claim, and demanding the possession of the property. The demand was not complied with. November 25, 1902, Barron was duly adjudged a bankrupt. The first meeting of creditors was held December 1, 1902, at which about $10,000 of claims were proved. Among the claims was plaintiff's verified November 21, 1902, upon the $2,500 note, for full amount of principal, and interest from April 2, 1902, filed December 31, 1902. The claim stated that it was secured by the agreement on file for lien on the property. Objections were made to this claim January 5, 1903, and after argument the referee in bankruptcy, January 9, 1903, indorsed the claim, "Disallowed as a preferred claim." Coddington had prior to this time been appointed trustee in bankruptcy of Barron's estate, January 5, 1903. January 9, 1903, Coddington, as trustee, filed a petition for the sale of the property of the estate; and after hearing counsel for him and for Skilton, survivor, an order was made by the referee in bankruptcy that the trustee sell the stock of goods, free from all liens and incumbrances, at public auction, January 23, 1903, and that out of the proceeds realized from the sale a fund of $2,600 stand as a substitute for the property sold, and be held by the trustee for the benefit of those holding bona fide claims and liens to the extent of their interests therein, as might thereafter be established. There were no other liens claimed but plaintiff's. The property was accordingly sold, and the trustee realized therefrom something over $5,000, and deposited $2,600 in the First National Bank of Geneva, N. Y., as a fund provided for by the order directing the sale. March 28, 1903, an application was noticed in behalf of Skilton, survivor, to have the entry upon his claim, "Disallowed as a preferred claim," stricken off, or modified by adding thereto "Without prejudice to the right of claimant to establish his lien upon the $2,600 fund set aside under the order of January 9, 1903, as therein provided." This application by the two orders of May 2, 1903, and May 26, 1903, was merely denied. This action was commenced the latter part of January, 1903. In February a demurrer to the complaint was interposed by the trustee. This was overruled at Special Term, and on appeal there was an affirmance by this court at the July, 1903, term (86 App. Div. 166, 83 N. Y. Supp. 351). A second meeting of creditors of the bankrupt estate was held July 30, 1903, at which the referee in bankruptcy ordered the trustee to answer in the action, and that the declaring of a dividend be postponed until the action was determined, and, in case the plaintiff was suc-

cessful, the entire claim and costs be paid from the estate. An answer was thereupon served, and the case was subsequently tried, and resulted in a judgment for the plaintiff, awarding the relief prayed for in his complaint. This is an appeal from that judgment. No creditor represented by the trustee had ever acquired any lien upon the property in question by judgment and execution. All are simple-contract creditors, and some of their indebtedness arose before, and some after, the filing of the agreement under which plaintiff claimed his lien. Barron has been discharged in bankruptcy.

Some things involved in this appeal were decided when the case was here upon the demurrer to the complaint, and must therefore be regarded as settled, so far as this court is concerned.

1. The agreement or chattel mortgage was not invalid, as matter of law, by reason of its provisions as to the sale of the property by the mortgagor. The evidence now supports the findings of fact. The judgment involves a finding that the agreement is valid, and that finding will not be disturbed.

2. The neglect to file the agreement for nearly five years did not affect its validity between the parties themselves. It would only be invalid as to creditors whose debts existed before the filing. And even they could not attack it until they had, by judgment and execution, obtained a specific lien upon the property covered by the agreement. It now appears that some of the creditors represented by the trustee in bankruptcy had claims arising before the filing of the agreement, but none of them have acquired specific liens by judgment and execution, as above. One creditor had a judgment, but no execution.

3. The trustee, under the provisions of the bankrupt law, possessed no greater rights than the creditors themselves had to attack the agreement; and, as the creditors had no such rights when the adjudication in bankruptcy was had, the trustee's attack must fail.

Counsel reargue some of these propositions now, but we decline to reconsider them. They can only be considered on appeal from our decision herein.

The question of jurisdiction of the state court to entertain and decide the case was, of course, involved in the former appeal. It appears to have been practically abandoned there by the trustee, and little consideration was given to it by us. It is too late now to ask us to take it up.

We think that the indorsement by the referee in bankruptcy upon the plaintiff's claim of the words, "Disallowed as a preferred claim," was not, under the circumstances, an adjudication of the invalidity of the lien, so as to bar the trial and determination of that question in this action. No evidence was taken, no order made; and the referee, on the same day he made this indorsement, January 9, 1903, made the order for the sale of the property, and the setting apart of the $2,600 fund for the benefit of any lien that might thereafter be established by plaintiff. The language was general, as to all liens, but concededly this was the only lien claim-

ed to exist, and the amount was just enough to cover this alleged lien; and then, later, at the second meeting of creditors, July 30, 1903, the referee ordered the trustee to answer in this action—the dividend to be postponed till the action was determined—and, if plaintiff was successful, that his whole claim and costs be paid from the estate. The entry on the back of the claim could not be regarded as an adjudication barring the maintenance of this action.

There are no other questions calling for consideration by us.

We conclude the judgment should be affirmed, as hereinbefore suggested. All concur.

Judgment affirmed, with costs.