JACOB S. MACLARY *v.* GEORGE TURNER.*

*Pleading—Replevin—Landlord and Tenant—Sale of Personal Property.*

Matter that is pleaded must have some relevancy to the cause of action, must be directly in reply to the matter to which it is pleaded and should tender a direct issue; and if it be wholly foreign to the case will be rejected as surplusage.

Replevin lies for all goods and chattels unlawfully taken or detained from the party entitled to the possession thereof.

If a tenant of a farm abandons it before the expiration of his term, the possessory right in whatever is upon said farm reverts to the landlord.

No right vests in the vendee in a bill of sale of personal property till the delivery of the bill of sale and, as against third parties, till delivery of possession.

(*Kent, October 23, 1891.*)

ACTION OF REPLEVIN. In this case the following plea and replications thereto were filed; viz:

"5th. And for a further plea in this behalf, the said defendant saith that at the time of the supposed taking of the said goods and chattels, in the said declaration mentioned, the same had been seized and attached, and were then lawfully held by James C. Robinson, then sheriff of Kent county aforesaid, and as such by virtue of a writ of the State of Delaware, commonly called a foreign attachment and to him directed, in which one Sarah L. Trumpeller was plaintiff, and a certain Abram C. McLean defendant, the same being number 68 of the October term, 1886, of said county. And this defendant in faith saith that at the time the said goods and chattels were supposed to be taken, as in the said plaintiff's said declaration mentioned, the same were lawfully in the hands and custody of the said James C. Robinson as sheriff of Kent county aforesaid; and this he is ready to verify, etc."

The replication to said plea was in these words:

* This case was affirmed by the Court of Errors and Appeals on January 17, 1894.

" To the fifth plea the plaintiff saith that the goods and chattels in the said plaintiff's declaration mentioned at the time of said pretended taking by the said James C. Robinson, sheriff of Kent county, by virtue of said pretended writ of foreign attachment at the suit 'of *Sarah L. Trumpeller v. Abram C. McLean*, No. 68, October term, A. D., 1886, of said county,—were not the property of Abram C. McLean, the defendant in said pretended writ of foreign attachment, but were the property of Jacob S. Maclary, the plaintiff in this suit; and the said goods and chattels were not lawfully in the hands and custody of James C. Robinson, sheriff of Kent county. And this the said plaintiff prays may be inquired of by the country, etc."

Counsel for the defendant objected to the replication to his fifth plea as made by the counsel for the plaintiff, and moved to strike out the same, for the following reasons :

1st. That it was argumentative in its character and did not express a direct affirmative or a direct denial.

2d. That it was a departure from the original plea, inasmuch as it stated that the property was not the property of Abram C. McLean; and raised a new issue which was not raised by said plea and to which the defendant could not rejoin.

3d. That it concluded to the country, and it should have been a verification.

*C. H. B. Day*, for the plaintiff.

*J. Alexander Fulton*, for the defendant.

THE COURT, CULLEN, J.: Upon an examination of this matter, under the general rules for pleading we find that matters that are pleaded must have some relevancy to the cause of action ; that

they must be directly in reply to the matters to which they are pleaded and should tender a direct issue thereto.

Admitting, for the sake of argument, that the facts as set forth in this plea were proven : that this being an action of replevin at the suit of *Jacob S. Maclary v. George Turner*, there was a writ of foreign attachment sued out at the suit of different parties, under and by virtue of which attachment the same goods were levied upon,—yet they are utterly irrelevant as to any issue that was joined in this case. They tender no issue whatever as between Jacob S. Maclary and George Turner, the defendant in this case, to which a reply may be necessarily made. Under the general rules of pleading, if the matter be wholly foreign to the case, it would be rejected as surplusage.

This property may have been lawfully or unlawfully taken by virtue of this attachment, but it tenders no issue as between these parties.

The Court therefore order that not only the replication to the fifth plea, but the fifth plea itself shall be stricken out.

The case was continued to the April term of Court at which it was tried and the following charge delivered :

CULLEN, J., charging the jury :

*Gentlemen of the jury* : This is an action brought by Jacob S. Maclary against George Turner, being what is called an action of replevin, for the recovery of a certain quantity of corn and hay. This is an action which lies for the recovery of the special articles which have been taken or detained by a person whom the claimant holds has no right to them. Under this special form of action, the value of the articles may be recovered in money, if the property itself cannot be found, or the property may be recovered by a judgment of *retorno habendo*, if the possession thereof can be had. If, however, an action of replevin be brought for the recovery of property which in the meanwhile has been used up, being of a perishable nature, or which has been removed, so that they cannot obtain

it, then, under the law in this case, if the party is entitled to re-cover, he may recover the money; that is, the value of the prop-erty together with such an amount as you may deem proper and right to indemnify him by reason of the wrongful retention of the property.

In this action, differing from most actions, the question is as to the right of possession. Replevin lies for all goods and chattels unlawfully taken or detained, and may be brought whenever one person claims personal property in the possession of another, and this whether the claimant has ever had possession or not, and whether his property in the goods be absolute or qualified, provided he has the right to the possession. Therefore the question of pos-session enters materially into, and becomes the gist of every action of replevin which may be instituted. For instance, where a person who is not the real owner of the property brings an action of replevin when the property of somebody else is entrusted to him. If a man rent to another a yoke of oxen. or a horse for the term of one year, the lessee under such circumstances has the right to the use of the property for and during that term, and although he is not the owner of the property, in law, yet, having the legal right of possession, if anybody takes it from him he has the right of an action of replevin, and he may recover it.

From the facts in this case, which are not disputed, it appears that Mrs. Trumpeller was the owner of certain real estate situated in this county. This property was demised for the year commenc-ing first of March, 1886, and would of course terminate on the first of March, 1887. Under and in pursuance of that demise he (the les-see) entered into possession of the premises, agreeing to pay by way of rent one-half of the corn and one-half of the fodder grown upon that land. He occupied these premises until some time in the month of September, the corn having been cut and shocked and the hay (part of which was clover and part timothy) being stacked in a certain field, when he left or abandoned the premises, and went beyond the limits of this State.

This, then, presents to you the case of a tenant in the possession of a rented farm abandoning it of his own accord, leaving the property; and the next question that arises under those circumstances is: In whose possession was the property which remained on the rented premises. We say to you that under these circumstances, a man being lawfully in possession of a farm as a tenant, leaving and abandoning that farm, the possessory right in whatever was upon that farm reverted to the owner of the property, who was, in this case, Mrs. Trumpeller. Mr. McLane was the tenant. He, we say, absconded some time in the month of September, 1886. Before he left, it appears that there was a paper executed by him, which to all intents and purposes constitutes what in law may be termed a bill of sale. In consideration of a certain amount of money he bargained and sold to Mr. Maclary the corn in the shock and also the timothy hay and the clover upon the premises. That paper appears to have been executed by Mr. McLane, the tenant, drawn by Mr. Kenney, and he (McLane) left without the delivery of that paper. That paper, as appears from the testimony of Mr. Maclary, in whose favor the bill of sale was made, came into the hands of Mr. Maclary after the departure from this State of Mr. McLane. Admitting, for the sake of argument (which may be all so), that if property is conveyed by bill of sale, no right vests in the vendee until there is a delivery of that which carries the title. If there was a sale, then, of course, that sale amounted to this, that even though the property belonged to the vendor, yet no title could vest in the vendee until delivery of that paper.

This property having been abandoned by Mr. McLane and being in the possession of George Turner, the agent of Mrs. Trumpeller, the next question that we are to consider upon the facts which are admitted and not disputed is: In whose possession was this corn and fodder? Here was a paper which was delivered after McLane was away, he having abandoned the premises, not being in possession, under those circumstances, the court must say to you that under the provisions of the statute of frauds, there can

be between the vendor and vendee no valid sale of personal property, unless it be accompanied with the possession.

As to the rights of the person, whether, it was a joint ownership as between Mrs. Trumpeller and Mr. McLane, the tenant, we don't deem that that enters as a necessary ingredient into this case, and relative to which we should give you any opinion.    It is necessary, in order to constitute a valid sale and to vest whatever right might be in Mr. McLane—whether it be one-half undivided part, or admit, for the sake of argument, that it was the whole and that the tenant had the right, not only to sell his own individual interest, but also the interest of the landlady—still, it becomes necessary in making that sale, not only that there should be a *bona fide* sale, but a delivery of possession.    It is contended by one side here that there was no delivery of possession, because it was not in the power of the party to deliver possession of that which he himself did not hold.    As to such an opinion, we don't think any possession was delivered until that paper was delivered, whatever may be the title, whether it be the right to sell one-half or the whole, on the part of Mr. McLane.    The possession not being in his power, the right being given him, not being acquired by possession, no right passed to Mr. Maclary, and he has no right to recover in this action of replevin. If you are satisfied from these facts that this man was not in possession of this corn and fodder when he sold the same, then, as he could not give possession, your verdict should necessarily be in favor of the defendant; and the amount of your verdict should be the value of the property which it appears has been replevied from Mr. Turner, who was acting as the agent of Mrs. Trumpeller, together with interest which has accrued, by way of damages for its detention.

Verdict for defendant for $239.01.