In re GEORGE M. HILL CO.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1903.)

No. 904.

1. SALE—RECOVERY OF PROPERTY FROM RECEIVER—MACHINE DELIVERED ON TRIAL.

A contract for the sale of a machine, to be installed under direction of the seller, guarantied that it would do the work for which it was designed in a satisfactory manner, provided that the purchaser should buy and pay for the machine when it was running satisfactorily, and that the title and right of possession should remain in the seller until full payment in cash. The price was $750, and an old machine was to be taken at $50. The machine was delivered and set up, and the old machine, which was removed to make room for it, was broken up and sold for old iron by the seller. The purchaser continued to use the new machine until its bankruptcy, but during all the time refused to accept and pay for the same, insisting on the delivery of a larger size. *Held*, that there was no acceptance of the machine by the bankrupt, which, under the contract, was essential to constitute a completed sale to devest the title of the seller; that, having refused to accept, until bankruptcy intervened, whether or not such refusal was justified or made in good faith, neither the bankrupt nor its receiver or trustee could thereafter claim an acceptance.

Appeal from the District Court of the United States for the Northern Division of the Northern District of Illinois.

The Dexter Folder Company, in December, 1901, agreed in writing with the bankrupt to sell to it a Dexter automatic feeding machine, to be attached to a No. 101 Dexter double sixteen folder, then owned and operated by the bankrupt, guarantying the machine to do in a satisfactory manner, when in the hands of competent operators, the work for which it was designed. The bankrupt agreed to be responsible for the full value of the machine against loss or damage (aside from general wear and tear) until settlement was made. The title and right of possession was to remain with the Dexter Folder Company until the machine was fully paid for in cash. The bankrupt agreed to buy the machine, and to pay therefor $750 when the machine was running satisfactorily, as follows: One Sheridan automatic feeder, $50; the balance in cash or its equivalent, deferred payments to bear interest. The machine was furnished and was put up and adjusted to a paper folder owned by the bankrupt, being a Dexter No. 101, sixteen folder, originally of the size 31x43, and would do the work satisfactorily with that machine in its original condition. But the bankrupt, after the making of this contract, enlarged his folder to 32x44, and claimed the feeder would not feed such enlarged machine, and objected to the machine shipped under the contract for that reason. The Sheridan feeder then operated with the folder, and which was to be taken at $50 in part payment, was removed to make place for its substitute—the feeder in question—was placed outside the building, and, becoming rusty from exposure, with permission of the bankrupt, was broken up and sold by the petitioner for old iron, realizing $3. The bankrupt continued to use the machine furnished until March 6, 1902, the date of filing the petition in bankruptcy, constantly objecting to taking it in fulfillment of the contract, at which date the machine and the property of the bankrupt were taken possession of by the receiver in bankruptcy.

On April 3, 1902, the Dexter Folder Company filed its petition in the bankruptcy proceedings, setting forth the facts stated, representing that the machine was delivered to the bankrupt on trial, and with a view of selling it to the bankrupt in case it could be adjusted to the paper folder in use by the bankrupt and satisfactorily operated in connection therewith as an automatic feeding attachment; that the machine could not be so adjusted

and operated because the paper folder had been enlarged subsequently to the contract, and without the knowledge of the petitioner; and that the bankrupt had refused to and did not accept the machine, alleging that it did not work satisfactorily and was too small for the folder for which it was intended; and thereupon prayed for an order requiring that the receiver be directed to deliver the feeding machine to the petitioner. The answer of the receiver to this petition admits the receipt of the machine by the bankrupt, alleges that the same was accepted by the bankrupt, alleges the payment of the $50 by the delivery of the old feeder according to the contract, and asserts title to the machine to be in the bankrupt, and that his possession as receiver was lawful. The bankruptcy court referred the matter to a referee, who reported upon the facts as alleged and stated. The testimony relative to acceptance consists of the statements of the western manager at Chicago of the petitioner and of the president of the bankrupt. The former states explicitly that the latter said that he would not accept the machine; that it was not large enough; that the Dexter Folder Company must put in a larger one. The latter states that the feeder was too small for the folder, which had been enlarged after making the contract; that he wanted a machine of the right size for the folder; that he told the manager of the petitioner that he would not take the machine; that he wanted it to be made right; and, upon the manager remarking, "We will make this one so that it will handle that sheet," he replied: "I told him no; I did not want a machine that was all butchered up. I wanted a machine that was right, that was all. The machine would do the work, but it did not suit me." The referee concluded his report as follows: "The contention of the petitioner herein is that the contract was not consummated, that the clause that it should do in a satisfactory manner the work for which it was designed was not carried out because of the contention of the bankrupt that he wanted another sized machine; and hence there was no sale, and the machine was held on approval, which, until obtained, left the title with the petitioner. I do not think that this contention can be borne out by the facts of the case, because, according to the testimony of the bankrupt's officer, the machine was satisfactory, and did the work in a satisfactory manner, so far as it was designed and intended to, although it did not entirely fit the bankrupt's machine. That fact, however, of its not fitting the machine, was not the fault of the petitioner, because the No. 101 machine which it was designed to fit had been by the bankrupt altered from that number. Consequently it was not the fault of the petitioner. If the petitioner had sued for the price of the machine, such a defense, if it had been interposed by the bankrupt, would not have been maintainable, and the petitioner would have been entitled to recover the balance of the purchase price. I am, therefore, of the opinion that there was a sale, and that the prayer of the petitioner should be denied, and the petitioner allowed a claim as general creditor for the amount of his bill." The court below confirmed the report of the referee, and dismissed the petition of the Dexter Folder Company, from which judgment or order this appeal is taken.

John W. Swarts, for appellant.

George Packard, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts as above). The contract of sale was executory, and was conditioned that the machine should run satisfactorily, and that title should not pass until payment. The first question presented is whether there was an acceptance by the buyer of the article furnished. Its mere receipt did not constitute acceptance. Benjamin on Sales (6th Am. Ed.) § 703. Acceptance comprehends both physical receipt and mental assent. The vendee agreed to buy and to pay for the feeder "when machine is running satisfactorily." The bankrupt had the right of inspection to determine

if the machine was of the kind and quality ordered, and of reasonable opportunity to determine whether it worked satisfactorily. If the machine did not work satisfactorily to the buyer, he need not accept it. Some authorities hold to the doctrine that with respect to such contracts the courts may not inquire whether the dissatisfaction of the vendee was based upon reasonable ground and was rested in good faith. Probably the correct rule is that, if the purchaser be in fact satisfied, but fraudulently, and in bad faith, arbitrarily, or capriciously declares he is not satisfied, and the contract has in fact been performed by the vendor, the purchaser is bound to accept. Silsby Manufacturing Company v. Town of Chico (C. C.) 24 Fed. 893. The subject is well considered and the authorities assembled by Mr. Justice Brown in Campbell Printing Press Co. v. Thorp (C. C.) 36 Fed. 414, 1 L. R. A. 645.

It may be that in an action brought upon the contract a jury, upon the evidence before us, would find, and would be justified in finding, that the machine in fact worked satisfactorily to the vendee, and that the objection thereto and the refusal to accept were in bad faith, and were pretentious merely; but the fact remains that the bankrupt did refuse from the first, and continued to refuse, to accept the machine. The question is not whether the vendee was justified in its refusal to accept, but whether it did in fact refuse. Rightfully or wrongfully, the bankrupt did insist that the Dexter Folder Company should furnish another suited to the enlarged folder. The bankrupt, now that the vendor seeks to take back the machine, may not be heard to say that it accepted what it constantly declared it would not accept. It may not be permitted now to take advantage of its own bad faith or fraud. Nor can the receiver of the bankrupt be heard to say that the refusal to accept was arbitrary or capricious, fraudulent and in bad faith, for he stands in this respect in the shoes of the bankrupt, whatever may be his right, with respect to an article delivered and accepted under a conditional sale. The bankrupt having refused to accept, the receiver has no higher right than the bankrupt, and cannot be allowed to assert fraud and bad faith of the bankrupt to work out an acceptance, without which no title passed to the bankrupt. The delivery of the Goldsmith feeder in part payment was concurrent with the receipt by the vendee of the substituted feeder in question, and before opportunity to test the working of the new feeder. Neither that fact, nor its subsequent sale as old iron by the vendor, affects the question of acceptance by the vendee, and is without controlling force.

This conclusion renders it unnecessary to consider the further question whether—because under the law of the state of Illinois a sale under contract conditioned that no title should pass until payment, the property being delivered and accepted, is constructively fraudulent as to creditors who come armed with execution or attachment (Ketchum v. Watson, 24 Ill. 591; McCormick v. Hadden, 37 Ill. 370; Murch v. Wright, 46 Ill. 487, 95 Am. Dec. 455; Chickering v. Bastress, 130 Ill. 206, 22 N. E. 542, 17 Am. St. Rep. 309; Peoria Manufacturing Company v. Lyons, 153 Ill. 435, 38 N. E. 661; Hervey v. Rhode Island Locomotive Works, 93 U. S. 664, 672, 23 L. Ed. 1003; Dooley v. Pease, 180 U. S. 126, 21 Sup. Ct. 329, 45 L. Ed. 457), the rule being otherwise in most of the states of the Union (Harkness v. Russell, 118

U. S. 663, 7 Sup. Ct. 51, 30 L. Ed. 285)—general creditors claiming through the receiver or trustee in bankruptcy stand in the shoes of execution or attachment creditors.

The decree or order appealed from is reversed, and the cause is remanded, with a direction to grant the prayer of the petition.