ELIZABETH SMITH

*v.*

HOTEL RITZ COMPANY.

[Submitted May 4th, 1908.    Decided May 6th, 1908.]

The receiver or general creditors of an insolvent corporation are not "judgment creditors" within *P. L. 1898 pp. 699, 700,* §§ *71, 72,* relating to conditional sales of chattels, and protecting only judgment creditors, subsequent purchasers, and mortgagees, without notice.

On petition of Frank & DeKayser for possession of certain chattels.

Suit to determine whether an unrecorded conditional sale agreement is valid as against the receiver and general creditors of defendant insolvent corporation.

*Mr. Ulysses G. Styron,* for the complainant.

*Mr. Eli H. Chandler,* for the petitioner, Frank & DeKayser.

*Mr. Oliver T. Rogers,* receiver, *pro se.*

LEAMING, V. C.

I am unable to determine that the unrecorded agreement of conditional sale now in question is void as against the receiver or general creditors of defendant corporation.    The Chattel Mortgage act under consideration in *Graham Button Co.* v. *Spielmann, 50 N. J. Eq. (5 Dick.) 120,* and in *Currie* v. *Knight, 34 N. J. Eq (7 Stew.) 485,* provided that mortgages not executed and recorded in accordance with the act should be void as against creditors of the mortgagor.    While in *Currie* v. *Knight, supra,* it was held that creditors could not, without a judgment

or other lien on the chattels, assert their claims against the validity of such a mortgage, it was also held that when a lien should have been procured by a creditor and the invalidity of the mortgage asserted by virtue of the lien, the infirmity of the mortgage would be ascertained by reference to conditions obtaining at the time the creditors became a creditor and not at the time the lien of the creditor was procured. The provisions of the act that the mortgage should be void as to creditors (general creditors) was thus observed and enforced. In *Graham Button Co.* v. *Spielmann, supra,* it is held that insolvency of a debtor corporation operates, under our statute, to fasten the debts of such corporation on its property in such manner as to enable the receiver of the corporation, in behalf of its creditors, to assert the invalidity of a chattel mortgage which has not been executed and recorded in accordance with the provisions of the Chattel Mortgage act. It is manifest that the principles controlling these decisions do not extend to the present case, for the provisions of our statute touching conditional sales of chattels (*P. L. 1898 p. 670* §§ *71, 72*) protect only judgment creditors, subsequent purchasers and mortgagees without notice. While the claims of general creditors of an insolvent corporation are fastened upon its property by force of the provisions of our Corporation act touching insolvency and the appointment of receivers and distribution of assets in such manner as to enable either a receiver or general creditor to assert in this court the invalidity of a chattel mortgage which the statute declares void as to creditors, yet it is apparent that such receiver or general creditors cannot in any sense be regarded as judgment creditors within the meaning of the conditional sales statute referred to.

I will advise an order directing the receiver to deliver the chattels in question to petitioner.