## 4586. POSTELL v. AVERY & COMPANY.

1. A defendant in fi. fa. can not, by the sale of property subject to the lien of his. judgment creditor, defeat or discharge the lien of the. fi. fa..:
2. A bill of lading is the symbol of the property which the carrier thereby acknowledges to have been received for transportation, and the assignment and transfer of a bill of lading evidences a sale and delivery, by symbol, of the property described therein.

DECIDED MARCH 18, 1913.

Levy and claim; from city court of Tifton—Judge R. Eve. November 21, 1912.

*R. D. Smith,* for plaintiff in error.

*George E. Simpson, Fulwood & Skeen,* contra.

RUSSELL, J. On March 4, 1912, an execution issued from the city court of Tifton, Ga., in favor of Avery & Company, against W. M. Wall, "trading as the Tifton Sawmill Company," and on the same day was entered on the general execution docket in the clerk's office of Tift superior court. On July 30, 1912, this execution was levied on a car of lumber, as the property of Wall, the defendant in fi. fa. For this car of lumber the Georgia Southern & Florida Railway Company had issued a bill of lading, which A. C. Morris, as the consignor, transferred and assigned to Wall, the defendant in fi. fa., on July 26, 1912; and, on the same day, the defendant in fi. fa. transferred and assigned to R. C. Postell, at Tifton, an invoice covering the car of lumber, together with the bill of lading. Upon this evidence the trial judge, we think correctly, directed a verdict finding the property subject to the levy.

There can be no question that if Wall had purchased and physically taken possession of the car of lumber, the lien of the judgment in favor of Avery & Company would have attached. Does it not just as fully attach to a car of lumber bought and symbolically transferred? We think so. A bill of lading is a symbol of the articles which it purports to describe, and the title to the property, could pass by proper transfer of the appropriate symbol. *Livingston* v. *State,* 2 *Ga. App.* 309 (58 S. E. 505); *Currie* v. *State,* 3 *Ga. App.* 274 (59 S. E. 926). By the transfer of the bill of lading, the title to this lumber passed from Morris to Wall. As soon as the title passed to Wall the lien of Avery & Company's judgment attached; and when, by a like assignment and transfer, the title to the car of lumber was transferred to Postell, he took

the lumber, subject to the lien of this judgment. There was, therefore, no error in directing the verdict; for no other verdict could legally have been reached.

The case of Owens v. Atlanta Trust & Banking Co., 112 Ga. 521 (50 S. E. 379), is not in point; nor do the provisions of § 4133 of the Civil Code (1910) apply. The provisions of § 3653 of the code are not applicable to the case at bar, for the reason, as pointed out by Justice Miller in Pollard v. Vinton, 105 U. S. 8 (26 L. ed. 998) : "A bill of lading, notwithstanding it is designed to pass from hand to hand, with or without endorsement, and is efficacious for its ordinary purposes in the hands of the holder, is not a negotiable instrument or obligation in the sense that a bill of exchange or a promissory note is. Its transfer does not preclude, as in those cases, all inquiry into the transaction in which it originated, because it has come into the hands of persons who have innocently paid value for it. The doctrine of bona fide purchasers only applies to it in a limited sense."          *Judgment affirmed.*