JAMES BRADFORD COMPANY,

*vs.*

UNITED LEATHER COMPANY.

In the Matter of the Petition of Turner Tanning Machine Company.

*New Castle, Dec.* 1, 1915.

When property is sold on a fixed time, a failure to return it or give notice in accordance with the agreement makes the sale absolute, if the seller so elects by suing for the price.

Where all the seller's demands for payment contain a statement that the property is still on trial, there is a manifest intention that the sale is not absolute, and, until paid for the seller could resume possession of the property, and so disaffirm the sale, or he might sue for the price, and so affirm the sale.

The seller of machinery on trial lost none of its rights by the appointment of a receiver for the buyer, and might assert against the receiver the same right it could assert against the insolvent buyer, especially where there was no limit of time within which the buyer could make the trial.

Where machinery was sold on trial, and the seller fixed no limit to the time within which the trial should be made, the buyer's continued use of it for nearly two years could not be considered as an acceptance.

Where there was never an agreement as to the price of a machine sold upon trial, there was no contract which either party could have enforced against the other, and the seller might after a time withdraw its offer to sell, prior to the acceptance thereof at his price.

PETITION FOR THE RECLAMATION OF MACHINERY. The Turner Tanning Machinery Company filed a petition of reclamation of an oiling off machine delivered to the United Leather Company in November, 1913, and it was claimed that there was a misunderstanding as to the price of it, as shown by the correspondence; and further that it was sent on trial; was never accepted by the buyer; and all the

bills rendered by the seller to the company showed on the face thereof that the machine was taken on trial. It was not disputed that the machine was so taken on trial. When receivers were appointed for the United Leather Company the machine was among those on the premises of the buyer, an insolvent corporation.

At the hearing before the Chancellor of the petition testimony of witnesses was heard and books and papers produced. The facts are stated in the opinion of the Chancellor, granting the prayer of the petition.

*Christopher L. Ward*, for the petitioner.
*William S. Hilles*, for the receivers.

THE CHANCELLOR. When property is sold on time, fixed by the parties, a failure to return the property, or to give notice in accordance with the agreement, makes the sale absolute if the seller so elects by suing for the price. *In re Downing*, (*D. C.*) 147 *Fed.* 858; *Wolf Co. v. Monarch, &c., Co.*, 252 *Ill.* 491, 96 *N. E.* 1063, 50 *L. R. A.* (*N. S.*) 808, and *note page* 812. In the former case an engine was sold on trial for sixty days, and without dissatisfaction having been retained and used until the bankruptcy of the buyer nearly a year later, and the seller having made unconditional demands for payment of the price, it was held that the sale was absolute and that the title to the engine passed to the trustee in bankruptcy as property of the buyer. There was, however, in that case no statement in the claims for payment that the engine was still on trial. Although the point was apparently not made, this unqualified demand of payment was evidence of the intention of the seller to terminate the period of trial and hold the buyer for the price. But where all the demands for payment contained a statement that the machine was still on trial, the contrary intention was manifested and until paid for the seller could either resume possession of the machine, and so disaffirm the sale, or sue for the price and so affirm it. This choice remained open to the seller to the time of the appointment of the receivers. But the seller lost none of its rights thereby

and can in this court in this cause assert against the receivers the same right it could assert against the insolvent buyers. Particularly is this true, where as here, there was no limit of time within which the buyer could make the trial. As the counsel for the seller contended, the buyer never having definitely accepted the machine, and the seller never having limited the time within which the trial could be made, continued use of the machine even for nearly two years could not be construed as an acceptance, and the seller could as against the buyer have chosen to terminate the period of trial and enforce by replevin a return of the property. This right it has against the receiver. In support of this is the case of *In re George M. Hill Co.*, 123 *Fed.* 866, 59 *C. C. A.* 354, where a machine sold on trial was used by the purchasing corporation until it became bankrupt, and there were continued refusals to accept or pay for the machine. When the buyer was adjudicated a bankrupt the seller sought to reclaim the machine. It was held that there was no acceptance, which under the contract was essential to constitute a completed sale to divest the title of the seller; and the buyer having refused to accept until after it had been adjudicated a bankrupt, then even if the refusal was unjustified or made in bad faith, neither the bankrupt or its trustee could claim an acceptance as a basis of reclamation of the machine. Applying this principle here, there never was an acceptance of the machine on the part of the buyer, and the seller continued to the end to regard it still on trial which means that it had not been accepted. Though the seller might have regarded the detention and use as unreasonable and chosen to regard it as an acceptance, it may choose not to do so, and the thing sold remains unaccepted so far as the seller is concerned. The buyer cannot by his unreasonable detention acquire against the will of the seller a right to goods sold on trial. The seller may acquire a right against the buyer by the detention, but the buyer cannot acquire such right as against the seller. This is both a reasonable and just principle. Title did not, therefore, in this case pass to the buyer, even if there had been an agreement as to the prices.

But another important obstacle to the passing of title was the lack of consensus of the parties as to the price. Throughout the correspondence, statements of the account and bills rendered, there was a continued disagreement as to the price. This is, of course, an essential element to a sale. Surely the seller could after a time withdraw the offer to sell prior to an acceptance thereof at his price; and if the disagreement continued to the time of the appointment of the receiver, there was not prior to that time a sale, and there can have been none since. Such is the fact here, and because of this disagreement the seller can now disaffirm a sale and reclaim possession of the machine, even against the receivers of the insolvent buyer.

It was argued, however, that the correspondence shows that there was an agreement as to the price and a part payment made and received an account thereof. This is not clear, for in letters sent subsequent to the time at which it is claimed there was an agreement, the same disagreement appeared to exist. I do not find satisfactory evidence of such an agreement as to the price.

My conclusion is that the machine having been sold on trial without limit of time, the seller had after a reasonable time for trial a right to treat a further detention as evidence of an acceptance and to sue for the price. But if the buyer becomes insolvent, a receiver appointed for the insolvent buyer cannot use the detention as the basis of a claim of ownership in the buyer who never in fact accepted the machine, though it continued to use it. So also if it was not in fact accepted by the buyer the title did not pass to it, and the receivers could not assert ownership as against the seller. Furthermore, there being a disagreement as to the price, there was no contract which either party could have enforced against the other, and the seller may reclaim possession as against the receivers of the buyer.

The Turner Tanning Machinery Company is entitled to have returned to it the oiling off machine, mentioned in its petition, and the receivers will be ordered not to sell it with other property of the United Leather Company, but deliver the same to the seller.