## DELAWARE TRUST COMPANY,

*vs.*

## ELDER AND COMPANY.

### *New Castle, Dec. 29, 1920.*

Failure of conditional vendors to allege compliance with Uniform Sales Act, as to recording contracts is no reason for denying their request to be allowed to take action against receiver of the vendee to enforce their legal rights, where no liens of creditors had attached; the sales being valid against creditors other than those protected by the statute and against the vendee and the receiver.

A receiver cannot assert in behalf of general creditors a claim which the corporation could not have asserted in a contest between it and special creditors claiming an equitable lien on assets of the corporation.

Because a receiver is not yet in possession of property sold by conditional vendors is no reason for not permitting such creditors to obtain their rights from those in possession of the property.

Proceeding by the Delaware Trust Company against Elder and Company, in which a receiver was appointed for the defendant.

Hearing on petitions by Cummings Machine Company and others for leave to take legal action against the receiver respecting machinery and equipment sold to the defendant.

*Harry Emmons*, for petitioners.

*Robert Penington* and *George N. Davis*, for receiver.

THE CHANCELLOR. A receiver has been appointed for Elder and Company, an insolvent corporation, which had or has a plant consisting of machinery, implements, horses, carts and the like for building roads. Five petitions have been filed in the cause by those who sold to the company machinery and apparatus, part of the plant, on conditional sales agreements whereby the title to the property remains in the seller until payment of the purchase price has been made, and they have each prayed that because of defaults of the buyer in not complying with the agreements the property so sold be returned by order of this Court, or that they each have permission to take such legal action against the receiver as may be necessary for the protection of their rights. The defaults consist in the failure to pay in one case any part of the price, and the others parts thereof.

To these petitions the receiver filed answers (1) that there is no allegation in the petition that chapter 192, volume 30, Laws of Delaware, has been complied with; and (2) that the receiver is not in possession of the property. The act referred to is the recent statute approved April 3, 1919, called the "Uniform Conditional Sales Act." By section 4 of the act reservation of title is valid as to all persons except those named in section 5. By section 5 such reservations are declared to be void "as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them," before the contract or copy is filed in the office of the recorder of deeds, as is required by section 10 of the act.

If, as was assumed in the argument, no creditor of the buyer had acquired by attachment or levy a lien upon the property sold, then the conditional sales were valid as against every creditor of the buyer, the insolvent corporation for whom the receiver was appointed, and by the statute they were valid against the corporation itself. What rights, then, has the receiver acquired respecting

the property as against the vendors? The receiver acquired none as representing either the buyer or its creditors, for none of them had any rights as against the vendors.

It is immaterial, therefore, whether the contracts of sale were recorded or not, and the failure of the conditional vendors to allege compliance with the provisions of the statute as to recording the contracts is not a reason for denying their request to be allowed to enforce against the property sold their legal rights under their several contracts. If later it should be shown that there were creditors with rights as against the vendor, their interests could be protected. It has been held in this State that a receiver of an insolvent corporation cannot assert in behalf of general creditors a claim which the corporation could not have asserted in a contest between it and special creditors claiming an equitable lien on assets of the corporation. *Bradford Co. v. United Leather Co.*, 11 *Del. Ch.* 76, 97 *Atl.* 622, *In re Claim of Security Trust & Safe Deposit Company*. This view is the one generally adopted elsewhere. But it is not necessary here to consider the decisions applying the principle to sales upon condition reserving title as affected by statutes regulating such sales.

Neither is it a sufficient reason against the application that the receiver is not in possession of the property sold, but rather a reason for permitting the vendors to obtain their rights from those in possession of the property, for the receiver out of possession cannot be expected to return to the vendors the property.

An order will be made allowing the several vendors to bring actions at law against the receiver to enforce their rights under their several and respective contracts.