EDWIN C. DENNY,

*vs.*

WILMINGTON ICE AND COAL COMPANY, a corporation of the State of Delaware.

In the Matter of the Petition of Diamond Ice and Coal Company, for permission to levy on personal property of defendant company in the custody and possession of a Receiver appointed by the Chancellor.

*New Castle, March 2, 1925.*

The delivery of execution to sheriff or other proper officer binds debtor's goods and chattels, even before actual levy.

A levy is a seizure, and its object is to transfer property and goods to sheriff, to enable him to make a sale and transfer of title.

The lien of a levy pursuant to an execution, in absence of statute to contrary, extends until return day, when writ becomes *functus officio.*

Where a levy under a writ of execution was made before return day, the sale of goods and chattels in satisfaction of execution, if not made before return, might under statutory. provisions be had thereafter.

When a writ of *fi. fa.* is delivered to the sheriff, he must forthwith, or within reasonable time, proceed to make a levy.

A receiver appointed under *Revised Code* 1915, § 3883, cannot assert claim in behalf of general creditors which corporation could not have asserted as against special creditors claiming lien on corporation assets.

Under *Revised Code* 1915, § 4410, lien of *fi. fa.* attaches to debtor's goods immediately upon delivery to sheriff, but actual levy must be made within sixty days to perfect such lien, and hence, where an execution was delivered to sheriff the day before receiver was appointed for debtor, on petition of creditor, before expiration of sixty days, court will permit sheriff to levy on goods in hands of receiver in order to preserve lien of execution.

STATEMENT OF THE CASE.   The petition of Diamond Ice & Coal Company asks leave to levy on the goods and chattels of the defendant, an insolvent corporation for which a receiver was appointed under *Paragraph* 3883, *Revised Code* 1915.   The petitioner obtained its judgment on January 5, 1925, and on the same day an execution *fi. fa.* was issued and delivered to the sheriff of New Castle County, who now holds the same, returnable at the March term, 1925, of the Superior Court.   The sheriff neglected to make an immediate levy under the execution, and on the next day, viz., January 6, 1925, a receiver was appointed for the defendant.   The petitioning judgment creditor now asks that the sheriff be permitted to make a levy under the writ in his hands.

*William S. Hilles*, for the petitioner.

*William T. Lynam, Jr.*, for the receiver.

THE CHANCELLOR.   At common law the lien of an execution upon the goods and chattels dated from the teste day of the writ. The *Statute of* 29 *Car.* II modified this rule by providing that the lien should not commence until delivery of the writ to the officer to be executed.   The Delaware act of 1829 (7 *Del. Laws, c.* 126, § 5) embodied this modification in its provisions.   Its language was:

"No writ of execution shall bind goods and chattels until it is delivered to the sheriff or other proper officer to be executed."

Upon such delivery the defendant's goods and chattels were bound by the execution even before an actual levy. *Layton v. Steel*, 3 *Har.* 512; *Stuarts v. Reynolds*, 4 *Har.* 112; *Taylor v. Horsey*, 5 *Har.* 131.   Thus the levy was not necessary to the existence of the lien.   A levy is a seizure and its object is to transfer the property in the goods to the sheriff so as to enable him to make a sale and transfer of title.   Cases supra.   The lien of the levy, in absence of

a statute to the contrary, extends during the life of the writ (23 C. J. 494) which is of course until its return day, when the writ becomes *functus officio*. In case of a levy before the return day, sale of the goods and chattels in satisfaction of the execution, if not made before the return, might under statutory provision still be had thereafter.

Such was the law in this State down to 1852, and is in the main the law to-day. In that year, however, when the *Code* was enacted, a slight modification of the act of 1829 was made by the provision appearing in the last sentence of that portion of *Pararaph* 4410 of the *Revised Code of* 1915, which reads as follows:

"An execution shall not bind goods and chattels until it is delivered to the sheriff or other proper officer to be executed. An execution shall, from the time it is so delivered, bind all the goods and chattels of the defendant within the bailiwick, which shall be actually levied upon within sixty days thereafter."

In consequence of the provision contained in the last sentence of the foregoing, the plaintiff in the execution, instead of being permitted to retain a lien without levy upon the goods and chattels of the defendant throughout the full length of the writ's life, which, before the intervals between terms of the Superior Court were shortened by Acts of the Assembly, might in some of the counties have extended so long as six months, must now seize his debtor's goods within sixty days or suffer a loss of his lien, notwithstanding the return day has not yet arrived. The provision inserted by the *Code of* 1852 in no wise alters the fundamental nature of the *fi. fa.* as a lien, and the levy as a seizure in the enforcement thereof. All it does is to compel the creditor to a more active diligence in the pursuit of his remedy. The making of a levy within sixty days is not required by the statute as a condition precedent to the arising of the lien. There is no reason to suppose that such was the intent of the Legislature. That such was not the intent would seem manifest from the fact that the language of the first sentence of the quoted paragraph with its historical background of common law was left undisturbed. The lien of the writ of *fi. fa.* attaches to the debtor's goods and chattels immediately upon delivery to the sheriff as effectually now as formerly, except that now the lien cannot endure for longer than sixty days without an actual levy.

*Woolley,* at *Section* 1014, of his work on *Delaware Practice,* accurately states the rule when he says:

"During the period of sixty days the lien of the *fi. fa.* upon the goods of the defendant within the bailiwick, as against strangers as well as against the defendant, is as complete and as binding as the lien of a levy subsequently made."

And in a later section (1034), in speaking of the difference between the lien of an execution before levy and the lien of an execution after levy, he observes that the "difference is analogous to the difference between a defeasible right to acquire property and the right to property acquired."

It is the duty of the sheriff, when a writ of *fi. fa.* is delivered to him, forthwith or within a reasonable time to proceed to make a levy. *State v. Gemmill,* 1 *Houst.* 9; *Janvier v. Vandever,* 3 *Har.* 29; *Cake v. Cannon,* 2 *Houst.* 427. It was not the fault of the petitioner if the sheriff failed to make a levy under the writ immediately, before the receiver was appointed. Certain it is, however, that under the law as it is hereinbefore stated to be, the petitioner acquired a lien on the goods and chattels of the insolvent corporation on January 5, 1925, one day before the decree appointing a receiver was entered, a lien which continued without a levy for sixty days. The lien is still alive for the writ is not yet returnable, and the sixty days not yet expired. Ought this court refuse in effect to allow the petitioner to enjoy the benefit of the lien which the law clearly gives him? I think not.

A receiver appointed under *Paragraph* 3883, *Revised Code* 1915 "cannot assert in behalf of general creditors a claim which the corporation could not have asserted in a contest between it and special creditors claiming an equitable lien on the assets of the corporation." *Delaware Trust Co. v. Elder,* 12 *Del. Ch.* 54, 112 *Atl.* 370; *Ferris v. Chic-Mint Gum Co., ante p.* 232; see also, 1 *Tardy's Smith on Receivers,* § 30; *Gluck & Becker on Receivers, p.* 19. The petitioner does not ask that it be permitted to take the goods and chattels of the insolvent out of the possession of the receiver and make sale thereof under its execution. It simply asks that it may preserve its lien by having the sheriff make a levy by virtue of the writ now in his hands and that thereafter the goods and chattels so levied upon may be held by the re-

ceiver subject to the lien and to the orders and decrees of the Chancellor. The brief filed by the solicitor for the petitioner tenders the petitioner as satisfied with any one of three possible courses of procedure which it suggests as ample to protect its rights under the lien. These alternative courses need not now be discussed. For the present it is sufficient to enter an order permitting the levy to be made according to the due course of law in such cases, the goods levied on to be left in the possession of the receiver subject to such further order as may later be made with respect thereto. The conclusion that the lien of an execution may be perfected by a levy under circumstances similar to those appearing in this case is in harmony with the principle of the following cases: *Harris v. Lloyd*, 5 *M. & W.* 432; *Woodland v. Fuller*, 11 *Adol. & E.* 859; *Van Steenberg v. E. R. Parsil Button Co.*, (*N. J. Ch.*) 34 *Atl.* 135; *Van Waggoner v. Moses*, 26 *N. J. Law*, 570; *In re Gies Lithographic Co.*, 7 *App. Div.* 550, 40 *N. Y. S.* 146; *J. W. Dann Mfg. Co. v. Parkhurst*, 125 *Ind.*317, 25 *N. E* 347; *Frayser's Adm'r. v. Railroad Co.*, 81 *Va.* 388.

Let an order be entered accordingly.