THE POWER MANUFACTURING COMPANY, a corporation existing under the laws of the State of Ohio, *vs.* HENRY J. BAILEY, Receiver for Wilmington Ice & Coal Company, a corporation of the State of Delaware, appointed by the Chancellor for the State of Delaware.

(*December* 15, 1925.)

RICE and RICHARDS, J. J., sitting.

*H. H. Ward, Jr.*, (of Ward, Gray and Ward) for plaintiff.

*William S. Hilles* for defendant.

Superior Court for New Castle County, November Term, 1925.

No. 136, May Term, 1925.

RICE, J., delivering the opinion of the court: The action is one of replevin, the plaintiff being the conditional vendor of the chattels replevied, and the defendant the receiver of the corporation, the conditional vendee.

The sixth plea is in the following language:

"*Actio non*, because this defendant saith that the said engine and other property mentioned in the said declaration were so affixed to realty at the time of the alleged conditional sale thereof, or subsequently, as to become a part thereof, and not be serverable wholly or in any portion without material injury to the freehold, and that the reservation of property thereto by the said plaintiff was and is void after the same were so affixed as against one Michael Tykocki, the holder of a lien by mortgage on the said real estate, as against Albert Dougherty, the holder of a certain other lien by mortgage on the said real estate, Christine B. Loeber, the holder of a certain other lien by mortgage on the said real estate, Wilmington & Philadelphia Traction Company, the holder of a certain other lien against said real estate by virtue of a judgment entered in the superior court of the state of Delaware, in and for New Castle County, and Diamond Ice & Coal Company, the holder of a certain other lien by judgment against the said real estate entered in the superior court aforesaid, neither of the said mortgagees nor the holders of the said judgments, or either of them, having expressly assented to the reservation of title in the said plaintiff. And this the said defendant is ready to verify. Wherefore, etc."

Counsel for the plaintiff relies chiefly upon the case of *Maclary v. Turner*, 9 *Houst.* 281, 32 *A.* 325, in which case the court struck out a plea of property in a stranger in a similar action. In that case the plea set forth that the goods in question had been attached by the sheriff in an action brought by one Trumpeller against one McLean. The plea was stricken out on the ground that it tendered no issue between the parties in the action of replevin then before the court.

This Court is of the opinion that the case in 9 *Houst.* may be distinguished from the present case in that the pleas considered by the court in that case in no way connected the parties in the attachment proceeding with McClary or Turner, the parties in the action of replevin. In the present case, the connection is shown by

the statement in the plea that the persons named were lien creditors of the insolvent corporation, of which the defendant is receiver, and as such lien creditors had not assented to the reservation of title in the conditional vendor, the plaintiff. *Section* 7 of *of the Uniform Conditional Sales Act, Laws of Delaware, vol.* 30, p. 505, as applicable to the facts in this case, in part, provides:

"If the goods are so affixed to realty, at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed, as against any person who has not expressly assented to the reservation."

It may be observed that the plea before the court possibly should not be considered as a plea of property in a stranger, but should be regarded as a special plea setting up the rights of lien creditors, under the statute, to show that the conditional vendor, the plaintiff, is not entitled to the possession of the property.

The receiver of an insolvent corporation represents the creditors of the corporation as well as the stockholders and the company. Therefore, it would appear that there is a close connection between the receiver and those lien creditors of the insolvent corporation against whom, under the terms of the statute, the reservation of title in the conditional sales contract would not be good unless they had expressly assented thereto. It is our opinion that the plea is a proper one.

The present case also differs from the case of *Delaware Trust Co. v. Elder & Co.*, 12 *Del. Ch.* 263, 112 *A*. 370. In that case it was held under the provisions of the Conditional Sales Act that the general creditors did not have any rights under the Conditional Sales Act as against the conditional vendor. In the present case we are considering the rights of lien creditors under a section of the Act making the reservation of title void as against any person not expressly assenting to the reservation, and a person having a judgment or mortgage lien against the real estate of the conditional vendee may well be such a person against whom the reservation of property would be void.

It was argued on behalf of the plaintiff that under the terms of the statute and under the facts of this case as they appear

in the pleadings, the lien creditors could for themselves only assert the claim against the reservation of title. But we believe the language of *Section 7* of the Act is not so limited in its meaning. The section provides that the reservation of property under certain circumstances shall be void against any person who has not assented to the reservation, and it does not state that the reservation shall be void, only in actions by or against such persons.

The defendant claims that the plaintiff's motion to strike out the plea is not a proper motion, and, if the plaintiff wished to question the validity of the plea, a demurrer should have been filed. As the motion to strike out is refused, we do not deem it necessary to consider such objection to the motion.

For the reasons stated, the motion to strike out defendant's sixth plea is denied.