QUINN v. BANCROFT–JONES CORPORA-
TION et al.

Circuit Court of Appeals, Second Circuit.
April 4, 1927.

No. 235.

1. Sales ⟜474(2)—Unfiled conditional sale
agreement held valid against receiver ap-
pointed on general creditors' bill (Personal
Property Law N. Y. § 65, as added by Laws
1922, c. 642, § 2; Lien Law N. Y. § 230).

Under Personal Property Law N. Y. § 65, as
added by Laws 1922, c. 642, § 2, an unfiled con-
ditional sale agreement is valid against a re-
ceiver appointed under a general creditors' bill
in equity, since, to defeat seller's title under
the statute some creditor must obtain a lien
by attachment or levy; sale to that extent dif-
fering from unfiled chattel mortgage, which
under Lien Law N. Y. § 230, is absolutely void
as against creditors of mortgagor.

2. Sales ⟜452—Law providing that unfiled
conditional sale contract is void as to attach-
ment creditors, being in derogation of com-
mon law, should be strictly construed (Per-
sonal Property Law N. Y. § 65, as added by
Laws 1922, c. 642, § 2).

Personal Property Law N. Y. § 65, as add-
ed by Laws 1922, c. 642, § 2, providing that
conditional sale contract shall be void as to
purchaser or creditor of buyer, who, without
notice, purchases goods or acquires by attach-
ment or levy a lien thereon before contract
is filed, being in derogation of common law,
should not be carried beyond clear import of its
language.

Appeal from the District Court of the
United States for the Southern District of
New York.

Equity proceeding by John J. Quinn
against the Bancroft-Jones Corporation,
wherein receivers were appointed for defend-
ant, after which the Thomson Electric Weld-
ing Company presented a claim asking prior-
ity over general creditors. From a decree
affirming the report of the special master, al-
lowing the claim in equality with general cred-
itors, but denying its priority, claimant ap-
peals. Reversed and remanded, with direc-
tions.

In 1924 the Thomson Electric Welding
Company made a conditional sale agreement
with the Bancroft-Jones Corporation for the
purchase by the latter of an electric welding
machine. The agreement contained the usual
provisions reserving title in the vendor until
payment in full by the vendee and giving the
vendor the privilege to repossess itself of the
machine upon default. Thereafter, in an
equity proceeding by a general creditor of the
vendee, receivers were appointed. The ven-
dor thereupon demanded the machine from
the receivers, who refused to deliver it, upon
the ground that the conditional sale agree-
ment had not been filed until after their ap-
pointment. The vendor then presented his
claim for the unpaid balance of the purchase
price, claiming priority over general creditors.
The special master allowed the claim in equal-
ity with general creditors, but denied its pri-
ority. From a decree affirming the master's
report, this appeal is prosecuted by the claim-
ant.

Benjamin P. De Witt, of New York City
(Sidney Pepper, of New York City, on the
brief), for appellant.

O'Brien, Malevinsky & Driscoll, of New
York City (Richard J. Mackey, of New York
City, of counsel), for appellees.

Before MANTON, HAND, and SWAN,
Circuit Judges.

SWAN, Circuit Judge (after stating the
facts as above). [1] The sole question pre-
sented by this record is whether an unfiled
conditional sale agreement is valid against a
receiver appointed on a general creditor's bill
in equity.

Section 65 of the Personal Property Law
of New York, as added by Laws 1922, c. 642,
§ 2 (section 5 of the Uniform Conditional
Sales Act), provides:

"Every provision in a conditional sale re-
serving property in the seller shall be void as
to any purchaser from or creditor of the buy-
er, who, without notice of such provision, pur-
chases the goods or acquires by attachment or
levy a lien upon them, before the contract or
a copy thereof shall be filed as hereinafter
provided. * * *"

The contention of the appellees, adopted
by the master whose report the court confirm-
ed without opinion, is in effect that the seques-
tration of the vendee's property by a court
of equity in receivership proceedings is equiv-
alent, within the meaning of said section 65,
to creditors acquiring "by attachment or levy
a lien" upon the goods.

It is urged that for all practical purposes
a conditional sale is no different from a chat-
tel mortgage, and that under the law of New
York an unfiled chattel mortgage is void as
against a chancery receiver. American &
British Securities Co. v. American & Brit-
ish Mfg. Corporation, 275 F. 121 (D. C.
S. D. N. Y.); In re Rambler Cafeteria, 9 F.
(2d) 861 (C. C. A. 2). While it may be true
that mortgages and conditional sales are only
formally different, the difference has long
been part of the common law, has been rec-
ognized in legislation, and cannot be ignored
by the courts. See Bailey v. Baker Ice Ma-
chine Co., 239 U. S. 268, 271, 36 S. Ct. 50, 60

L. Ed. 275. Accordingly, statutes providing for the recording of chattel mortgages are not generally held to cover conditional sales. Williston on Sales (2d Ed.) § 337. New York legislation has treated the two separately and in noticeably different language. Section 230 of the Lien Law (Consol. Laws, c. 33) declares an unfiled chattel mortgage "absolutely void as against the creditors of the mortgagor"; while section 65, above quoted, avoids an unfiled conditional sale only in favor of lien creditors. The problem before us is therefore not settled by the decisions as to unfiled chattel mortgages.

At common law a conditional vendee acquired no title until the condition was performed, and his attaching or execution creditors stood no higher. See Harkness v. Russell, 118 U. S. 663, 7 S. Ct. 51, 30 L. Ed. 285. The same was true of a chancery receiver for the vendee's property. Praeger v. Emerson-Brantingham Implement Co., 122 Md. 303, 89 A. 501, Ann. Cas. 1916A, 1255; [1] Sayles v. National Water Purifying Co., 62 Hun (N. Y.) 618, 16 N. Y. S. 555, affirmed 141 N. Y. 603, 36 N. E. 740 (the statute here involved required filing to be valid against subsequent purchasers and mortgages).

[2] The present statute (section 65) has given creditors a power, not previously possessed, to defeat the vendor's title by acquiring a specific lien upon the goods before the conditional sale contract is filed. Being in derogation of the common law, the statute should not be carried beyond the clear import of its language. Graves Elevator Co. v. Callanan, 11 App. Div. 301, 42 N. Y. S. 930; Crocker-Wheeler Co. v. Genesee Recreation Co., 160 App. Div. 373, 145 N. Y. S. 477. The Legislature has used terms having a well-known, formal, legal meaning. Although a receivership has sometimes been called an equitable attachment, no authority has been cited which would justify treating it as equivalent to a lien by attachment or levy within the meaning of the statute in question. On the other hand, there are authorities from other states which directly oppose such a holding. In Smith v. Hotel Ritz Co., 74 N. J. Eq. 616, 70 A. 137, the Vice Chancellor held that a receiver could not be regarded as a judgment creditor within the meaning of the conditional sales statute (although under the Chattel Mortgage Act, [1 Comp. St. N. J. 1910, p. 463], which protected creditors generally, a receiver could

assert the invalidity of an unfiled chattel mortgage). To the same effect, see Falaenau v. Reliance Steel Co., 74 N. J. Eq. 325, 69 A. 1098; Koerner v. U. S. Waxed Paper Co., 94 N. J. Eq. 655, 121 A. 338; Depew v. C. W. Depew & Co., 98 N. J. Eq. 461, 131 A. 76; Delaware Trust Co. v. Edler & Co., 12 Del. Ch. 263, 112 A. 370; Rhode Island Works v. Empire Co., 91 Ga. 639, 17 S. E. 1012; Mlodzik v. Ackerman Oil Co. (Wis.) 210 N. W. 694. T. L. Smith Co. v. Orr, 224 F. 71 (C. C. A. 8), which might appear to be contra, is distinguishable because the statute there involved protected creditors generally, not merely those who had acquired a specific lien. In York Mfg. Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782, it was held that an unrecorded conditional sale, void by statute as against creditors who had acquired a lien by attachment or levy, was valid as against the vendee's trustee in bankruptcy, the court saying:

"We come then to the question whether the adjudication in bankruptcy was equivalent to a judgment, attachment or other specific lien upon the machinery. The Circuit Court of Appeals has held herein that the seizure by the court of bankruptcy operated as an attachment and an injunction for the benefit of all persons having interests in the bankrupt's estate. We are of opinion that it did not operate as a lien upon the machinery as against the York Manufacturing Company, the vendor thereof."

The subsequent amendment to section 47a of the Bankruptcy Act (Comp. St. § 9631) has reversed the rule thus laid down. In re Master Knitting Corporation, 7 F.(2d) 11 (C. C. A. 2). But the amendment does not impair the authority of the court's reasoning in the Cassell Case.

We are satisfied that the appointment of the receivers and their taking possession of the machinery in question did not defeat the conditional vendor's title. Under the statute, some creditor must obtain a lien by attachment or levy. Had more been meant, more would have been said.

Were the problem doubtful, an additional reason for sustaining an unfiled conditional sale as against a chancery receiver might be found in that such decision will be in conformity with the few cases, supra, which have passed upon the problem under section 5 of the Uniform Conditional Sales Act.

The decree is reversed, and the cause remanded, with directions to enter a decree for the appellant.

---

[1] Reported in full in the New York Supplement Reporter; not reported in full in Hun Reports.