LEE R. COCHRAN, Constable, *v.* JAMES R. CLEMENTS and CHARLES S. CLEMENTS, a co-partnership, &c.

(*March* 4, 1936.)

RODNEY, J., sitting.

*Howard E. Lynch, Jr.,* for plaintiff.

*Charles L. Harmonson* for defendant.

Superior Court for Kent County. Trover, No. 60, October Term, 1935.

412

RODNEY, J., delivering the opinion of the Court:

■ It is immediately apparent that the abstract of judgment and execution filed on October 17th, 1934, was not filed within two days of the issuance of the execution on October 13th. That question, however, is not material, as the only statutory effect was the loss of priority over a subsequent execution and there was no such subsequent execution. The only relevancy the abstract has to this case is the additional constructive notice of the existence of the execution that such abstract gave to the present defendants.

■ An action of trover lies to recover damages against one, who, without right, has converted to his own use goods or personal chattels in which the plaintiff has a general or special property. *Woolley on Delaware Practice,* § 1517.

■ A Constable, after levy, has such special property in the chattels covered by the levy as will enable him to maintain an action of trover. *Hargadine v. Ford,* 5 *Houst.* 380; *Woolley on Delaware Practice,* § 1518; 8 *Pl. & Pr.* 581.

■ Wheat, like all annual crops which are raised by yearly manurance and labor and essentially owe their annual existence to cultivation by man, is subject to execution. Many authorities designate these as *"fructus industriales"* as distinguished from *"fructus naturales."* 1 *Freeman on Executions,* § 113; 23 *C. J.* 329; 17 *R. C. L.* 111. This is recognized by *Rev. Code* 1915, § 4597.

■ *Section 4027, Rev. Code* 1915, provides:

"The goods and chattels taken by virtue of an execution issued by a Justice of the Peace * * * shall, from the time it is so delivered [to the constable], bind all the goods and chattels of the defendant within the bailiwick of such constable or sheriff which shall be actually levied upon within thirty days thereafter."

In the present case execution went into the hands of the constable October 13th, 1934 and the levy was made October 26th, 1934.

The statutory provisions governing executions issued from the Superior Court by the Prothonotary and levied by the Sheriff (*Rev. Code* 1915, § 4410) do not materially differ from those governing executions issued by a Justice of the Peace and levied by a constable. The main difference is the length of time that may lapse between the placing of the execution in the hands of the officer and the time of the levy itself, during which time the lien exists. This time is sixty days in executions issued by the Superior Court and thirty days in executions issued by a Justice of the Peace.

The act of delivery of the writ of execution to the officer establishes the lien and fixes the right of the execution creditor and prevents any transfer of property by the defendant during the period between the delivery of the writ and the actual levy, which could have priority over the lien of the execution. *Woolley on Delaware Practice,* § 1014.

While the delivery of the execution to the officer fixes the date of the lien and prevents transfer by the defendant having priority over the execution, yet no property in the goods is thus changed and the officer acquires no right or title which would support trover or replevin at his suit until he has actually made a levy. These were the precise holdings in *Taylor v. Horsey,* 5 *Harr.* 131. See, also, *Layton v. Steel,* 3 *Harr.* 512; *Denny v. Wilmington Ice & Coal Co.,* 14 *Del. Ch.* 352, 128 *A.* 123.

The authorities, in general, hold that a purchaser

of property which is subject to the lien of an execution issued on a valid judgment acquires the property subject to such execution. 17 *R. C. L.* 212; 23 *C. J.* 508; 11 *A. & E.* (*2d Ed.*) 676; *Butler v. Maynard,* 11 *Wend.* (*N. Y.*) 548, 27 *Am. Dec.* 100; *Steffin v. Steffin,* 30 *Hun* (*N. Y.*) 312, 4 *Civ. Proc. R.* 179; *Postell v. Avery & Co.,* 12 *Ga. App.* 507, 77 *S. E.* 666; *McCall v. Trevor,* 4 *Blackf.* (*Ind.*) 496; *Lindley v. Kelley,* 42 *Ind.* 294; *Gilkey v. Dickerson,* 10 *N. C.* 293; where *Hall, J.,* says:

"No position is better founded than this, that an execution binds the property of the defendant before it is levied, so as that no sale or disposition made of it by him is valid against such execution."

The fact that there may be a number of Justices of the Peace in a County from whose offices executions may issue and the consequent fact that it may be inconvenient to make inquiry as to executions, has been suggested as an argument effecting the priority of executions from the offices of Justices of the Peace. These suggestions are not sufficient to change the rule of law as to the lien and priority of executions, without which executions themselves would have little or no value.

In accordance with the agreed statement of facts, judgment will be entered for the plaintiff and against the defendants for the sum of $185.42.