WALTER S. CUBBAGE, a constable in and for Kent County, State of Delaware, *v.* JAMES R. CLEMENTS and CHARLES S. CLEMENTS, a co-partnership trading and doing business under the firm name and style of W. F. & J. R. Clements.

(*May* 28, 1940.)

RODNEY and SPEAKMAN, J. J., sitting.

*Max Terry* for plaintiff.

*Charles L. Harmonson* for defendants.

Superior Court for Kent County, February Term, 1938.

RODNEY, J., delivering the opinion of the Court:

It is the almost uniform current of the law that growing wheat, like all other annual crops which are raised by yearly manurance and labor and essentially owe their annual existence to cultivation by man, is subject to execution. These are usually called "fructus industriales" as distinguished from "fructus naturales" like trees and their fruit, which do not owe their existence to annual manurance and labor. Most of the authorities are collected in annotations in 103 *A. L. R.* 464 and 23 *L. R. A.* 258. See also 1 *Freeman on Executions, Sec.* 113; 23 *C. J.* 329; 17

*R. C. L.* 111. The principle is recognized by *Revised Code, 1935, Sec.* 5052.

The present case is quite similar to *Cochran v. Clements,* 7 *W. W. Harr.* (37 *Del.*) 410, 183 *A.* 632. There it was determined that the interest of a tenant farmer in a growing crop of wheat of which he was in possession was liable to execution and sale. We see no distinction, insofar as liability to execution is concerned, between the interest of a tenant farmer in possession, and the interest of an owner of real estate who is in possession of the farm and the tiller of the crop. The generality of the statement "that grain growing * * * is personal property and may be * * * sold upon execution" is subject to the consideration that it is the interest of the person entitled to possession that can be so sold. *Long v. Seavers,* 103 *Pa.* 517.

It is upon this basis that the Court sustained the levy in *Currey v. Davis,* 1 *Houst.* (6 *Del.*) 598. There the Court held the agreement between landlord and tenant as not creating a demise but as constituting the parties merely tenants in common of the crop while growing and when matured, and held the landlord's share of the crop liable to execution. The Court said that if the agreement constituted a demise and the landlord's share of the crop was payable as rent, then the landlord's share would not have been liable to execution, but only to attachment in the hands of the tenant. See, also, *Ellison v. Dolbey et al.,* 3 *Penn.* 45, at *page* 55, 49 *A.* 178.

In some few instances it has been suggested that the right to subject an annual growing crop to the levy of an execution may depend upon the stage of maturity which the crop has attained. It would be most difficult to sustain this distinction. Almost all the cases have been determined concerning an immature crop. It is quite incon-

ceivable that a wheat crop can be immune from execution during almost all its growth but that, while still growing, but seemingly mature, it should suddenly become a chattel and liable to execution and sale. The minds of men would not agree upon the exact moment of maturity and, indeed, it is quite common knowledge that the crop is harvested before complete maturity, to prevent the shattering of the grain. We are of the opinion that an annual growing crop raised by manurance and the annual labor of man is liable to execution against the actual owner of the crop in possession. Of course it is quite apparent that we are not dealing with perennial plants and their ungathered product, such as trees, bushes, grasses, timber, fruit, &c., which are the natural or spontaneous growth of the earth.

It is not questioned in this case that if the wheat was subject to a valid execution and levy, and such wheat was afterwards sold by the execution debtor to the present defendants, that such defendants acquired the wheat subject to the lien of the execution. *Cochran v. Clements, supra.* Having determined that the wheat grown by an owner and occupier of the land was subject to execution, then judgment must be entered for the plaintiff. The judgment should be for the amount of the former judgment, with lawful interest thereon, together with the costs of the former judgment and execution.