## In re EXCELSIOR MACARONI CO., Inc.
### No. 20287.

District Court, E. D. New York.

Nov. 11, 1931.

M. Cimbalo, of New York City (Murray A. Harris, of New York City, of counsel), for petitioner.

George A. Arkwright, of Brooklyn, N. Y., for trustee.

MOSCOWITZ, District Judge.

This is a motion made by the petitioner for the following relief: For an order reversing the order of the referee, and setting aside the same, and for an order granting the relief demanded in the claimant's petition.

On August 18, 1929, and on March 31, 1930, the petitioner delivered to the bankrupt certain personal property under and by virtue of two conditional bill of sale contracts executed by the bankrupt. Pursuant to the terms of said conditional bill of sale contracts, title to the personal property was reserved in the petitioner until full payment of the consideration price was made by the bankrupt.

The conditional bill of sale contract dated August 18, 1929, was filed in the register's office, Kings county, on December 24, 1929, and the other dated March 31, 1930, was filed on September 30, 1930. An involuntary petition in bankruptcy was filed against the bankrupt on April 2, 1931, and on April 16, 1931, the bankrupt was duly adjudicated as such.

The referee has disallowed the claims of the petitioner upon the ground that the conditional bill of sale contracts were not filed within a reasonable time after their execution, and that they are therefore invalid.

A chattel mortgage is void, unless filed within a reasonable time after its execution. There is a difference between a chattel mortgage and a conditional bill of sale contract. In the case of a chattel mortgage, the mortgagor transfers his title to the mortgagee as security for a pledge, loan, or some other condition, which title becomes reinvested in the mortgagor upon compliance with the conditions. In a conditional bill of sale contract, the title remains in the seller until the payment of the consideration, or until the other conditions mentioned in the conditional bill of sale contract are performed by the purchaser.

Chattel mortgages are not controlled by the Personal Property Law of the state of New York, but by article 10 of the Lien Law of the Consolidated Laws of the state of New York (chapter 33, § 230 et seq.). Conditional bill of sale contracts are controlled by article 4 of the Personal Property Law of the Consolidated Laws of the state of New York (chapter 41, § 60 et seq.). Sections 64 and 65 of article 4 of the Personal Property Law of the Consolidated Laws of the State of New York read as follows:

"§ 64. Conditional sales valid except as otherwise provided. Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

"§ 65. Conditional sales void as to certain persons. Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or

acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided. This section shall not apply to conditional sales of goods for resale."

Under the laws of the state of New York, a conditional sales contract is valid as to all persons, whether the same is filed or not, except a purchaser of the chattels, or a creditor who has acquired by attachment or levy a lien upon the chattels before the conditional sales contract has been filed, and who has no notice of the existence thereof.

Under the laws of the state of New York, ordinary creditors are not protected by the recording requirements, and, upon the failure to file a conditional bill of sale contract, such creditors acquire no superior rights to the vendor. Quinn v. Bancroft-Jones Corporation et al. (C. C. A.) 18 F.(2d) 727.

A trustee in bankruptcy is in the position of a creditor having a lien by levy or attachment, and acquires such rights only from the date of the filing of the petition in bankruptcy and not prior thereto. In re Master Knitting Corporation (C. C. A.) 7 F.(2d) 11.

The conditional bill of sale contracts herein were filed prior to the filing of the involuntary petition in bankruptcy, and are therefore valid.

The order of the referee is reversed. Settle order on notice.