### In re IMBER BROS., Inc.
### No. 14386.

District Court, E. D. Pennsylvania.
June 21, 1933.

Ellis Brodstein, George Eves, and Randolph Stauffer, all of Reading, Pa., for trustee.

Townsend & Kindleberger, of New York City, N. Y., for petitioner.

KIRKPATRICK, District Judge.

This was a reclamation proceeding for a pneumatic tubing system installed, under a

conditional sale agreement, in a department store operated and owned by the bankrupts.

As to the character of the goods and as to the manner of their attachment to the realty, the following quotation from the testimony of one of the claimant's officers may be taken as establishing the facts:

"The motor and compressor and the line and station materials could easily be unscrewed and taken away without in any way damaging the freehold. The tubes themselves were not new and were suspended from the ceiling by brackets which can be easily unscrewed, and all of said tubing, except the tubes actually embedded between the floors or going through partitions could be unscrewed and detached by skilled workmen without material injury to the freehold. Tubes in the walls are not customarily removed by The Lamson Company, but such parts of the tubes could be sawed off flush with the walls and allowed to remain in the walls and properly capped and covered so as to preserve the appearance of the wall. The value of the small portion of the tubes in the walls or between the floors would not exceed $20.00. Outside of such portion of the tubes, the whole system could be easily removed from the store without damaging the freehold."

The contract of conditional sale specifically provided that "no part of the apparatus * * * shall become a fixture by reason of being attached to real estate."

The contract was not recorded as required by the Pennsylvania Uniform Conditional Sales Act (1925, May 12, P. L. 603 [69 PS § 361 et seq.]).

The claimant's entire argument depends upon section 7 of the Act (see 69 PS § 404) being applicable to its tubing system. His argument is that section 4 (69 PS § 401), reversing the traditional policy of the common law of Pennsylvania, makes all conditional sales agreements presumptively valid. Section 5 (69 PS § 402), however, imposes a condition upon the validity so granted and requires that, in order to obtain it, the contract must be filed as provided in the act, otherwise it will be void as to any purchaser from or any lien creditor of the buyer.

If this were all, the claimant concededly would have no case, because section 5 contains no limitation as to the kind and character of the goods to which it relates, the claimant has failed to record his contract, and the trustee is concededly in the position of a lien creditor.

But, says the claimant, the next section of the Act, section 7, deals specifically with fixtures and it was obviously the intention to deal with them only in that section, thus removing them from the general provisions of section 5, changing the conditions to be met by the seller, and providing that only certain classes of persons (limited to owners, purchasers, mortgagees, and incumbrancers of the realty) can take advantage of his default. It is true that section 7 does not make the reservation of property void as against creditors on failure to record the contract.

Whether the argument is a sound one need not be determined because the goods which are the subject of this proceeding are not fixtures within the meaning of either the first or second clauses of section 7. They are not "so attached to the realty as to form a part thereto" nor "so attached to the realty as not to be severable without material injury to the freehold." This is the conclusion of the referee from the testimony of the plaintiff's officer and I affirm it.

Citing a New York case (Madfes v. Beverly Development Company, 251 N. Y. 12, 166 N. E. 787, 788), the claimant argues that the seventh section of the act covers a third class of "fixtures" not specifically mentioned which includes his goods. But the Court of Appeals of New York, in concluding that the act applied to "a large class of movables which, after attachment, continued to be personal property, or became real estate, accordingly as the owner of the chattels and the owner of the real estate might have agreed," was apparently referring to a clause of the act which has not been adopted in the Pennsylvania statute. That clause, as quoted on page 14 of the opinion of the court in 251 N. Y., 166 N. E. 787, 788, begins, "If the goods are so affixed to realty * * * as to become part thereof but to be severable without material injury to the freehold." There is no similar clause in the Pennsylvania act. The purpose of the Pennsylvania act taken as a whole clearly was to treat goods attached to the realty but severable without material injury to it, not as fixtures at all but as ordinary moveables, and to deal with them in the same manner as any other personal property. This construction brings them under section 5 of the act. The provision in the contract reserving property in the seller is therefore void because the contract was not filed, and the title is in the trustee.

The claimant raises the question of his right to participate as a general creditor.

515

It does not appear that this question is before the court.

The court affirms the findings and order of the referee and the reclamation petition may be dismissed.