### In re LLOYD et al.
### No. 8283.

District Court, M. D. Pennsylvania.
March 31, 1934.

John P. Feeley, of Hazleton, Pa. (Charles J. Staples and James Abell Mills, both of New York City, of counsel), for claimants.

Walter Tosh, of West Hazleton, Pa., trustee.

JOHNSON, District Judge.

The order of the referee is before this court for review on the certificate of the referee. Instead of certifying the question presented, as required by General Order 27 (11 USCA § 53), In re Kurtz (D. C.) 125 F. 992, the referee recommends that the petition for review be dismissed because it is "more a law brief than a petition" and because it is not filed by a party in interest but by an attorney representing the claimant.

The petition for review contains the necessary requisites, in that it includes a brief statement of the referee's order, the errors complained of, and a prayer for review of the order. Remington on Bankruptcy, vol. 8, §§ 3655-58 (3d Ed.).

In the instant case the petition is "of the Carrier Engineering Company," a creditor, and is signed "Carrier Engineering Corp., by their attorney, John P. Feeley," and contains an affidavit by the attorney in behalf of the Carrier Engineering Corporation, who deposes that he "is authorized by the petitioner" to make the petition in their behalf. It thus appears that he was an attorney in fact acting for his principal.

In Re International Match Corp. (D. C.) 3 F. Supp. 443, 444, it is said: "While an attorney at law as such cannot file a petition to review, an attorney in fact acting for his principal, the creditor, may do so under section 1 (11 USCA § 1) and General Order 27 (11 USCA § 53)."

From the findings of facts by the referee it appears that on May 12, 1930, William Lloyd, trading as Lloyd Fruit Farms, purchased a refrigerating plant on conditional sale, from the B-K Engineering Company, the assignor of petitioner herein, and the conditional sale contract was recorded on January 12, 1933, at which time the conditional vendee was insolvent. On March 28, 1933, an involuntary petition in bankruptcy was filed against the conditional vendees and they were duly adjudged bankrupts on September 29, 1933, and a trustee was elected who took possession of the refrigerating plant. A reclamation petition was filed by the assignee of the conditional vendor, but the referee held that the conditional vendor was not entitled to the refrigerating plant.

The issue is solely between the assignee of the conditional vendor and the trustee in bankruptcy of the conditional vendees and the question that appears from the record to arise is whether the assignee of the vendor can prevail, notwithstanding the fact that the conditional sale contract made on May 12, 1930, was not recorded until a time when the conditional vendees were insolvent, to wit,

January 12, 1933, several months before a petition in bankruptcy was filed against them.

The referee, in holding that the claimant was not entitled to a return of the refrigeration plant, based his findings on In re Imber Bros., Inc. (D. C.) 5 F. Supp. 513, 514, affirmed in Lamson Co. v. Bland (C. C. A.) 68 F.(2d) 369, but in that case the conditional sale contract was not recorded, while in the instant case it was.

In the Imber Case, the property in controversy was a pneumatic tubing system attached to the realty, but "could easily be unscrewed and taken away without in any way damaging the freehold," and the court there held that the property in question was governed by section 5 of the Pennsylvania Uniform Conditional Sales Act (69 PS § 402) and not section 7 (69 PS § 404) relating to fixtures. In interpreting the latter section the court said: "The purpose of the Pennsylvania act taken as a whole clearly was to treat goods attached to the realty but severable without material injury to it, not as fixtures at all but as ordinary moveables, and to deal with them in the same manner as any other personal property. This construction brings them under section 5 of the act. The provision in the contract reserving property in the seller is therefore void because the contract was not filed, and the title is in the trustee."

In the present case the only testimony relating to annexation of the refrigeration plant to the realty is contained in the answer of the bankrupt to the following question: "(Q) Could the machinery be removed from the property without any injury to any part of the building? (A) It could be unbolted off the foundation. This would be expensive." We must accordingly hold that the machinery in question is governed by section 5 of the Conditional Sales Act (69 PS § 402).

Under the Federal Bankruptcy Act, a trustee in bankruptcy has the status of judgment creditor from the date of the filing of the petition in bankruptcy, and a contract of conditional sale, although made before, but not filed until within four months prior to the bankruptcy of the purchaser, does not constitute a preference, and accordingly the conditional sale is valid as against the trustee. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275; Big Four Implement Co. v. Wright (C. C. A.) 207 F. 535, 47 L. R. A. (N. S.) 1223; In re Avlon Syrup Corp. (D. C.) 25 F.(2d) 342; In re Excelsior Macaroni Co. Inc. (D. C.) 55 F.(2d) 406. Since the conditional sale contract was recorded prior to the filing of the petition in bankruptcy, and it appears that no person acquired a lien by attachment or levy before the contract was recorded, the conditional sale contract is valid as against the trustee.

The order of the referee is reversed, and the reclamation petition is allowed.