In the Matter of DRUSILLA B. PLANZ, Respondent. EMMA SEES, Appellant.

Third Department, November 12, 1953.

*Maurice Z. Carr* for appellant.

*Cogan & Cogan* for respondent.

IMRIE, J.   Claimant Sees has appealed from an order of Albany County Court determining that title to certain property of State Foundry Inc., the judgment debtor, which property had been seized by the Albany County Sheriff under an execution, was in said judgment debtor, free of any interest or lien of claimant, and directing the sale thereof by the Sheriff under execution.   The proceeding, under section 696 of the Civil Practice Act was instituted by petitioner Planz, a judgment creditor of State Foundry Inc., after claimant had filed with the Sheriff a claim of title to the property upon which he had levied.   The record in the County Court developed two issues.

The first issue was the validity of a chattel mortgage given by the judgment debtor to Emma Sees April 19, 1951.   Mortgagor's certificate of incorporation was executed and acknowledged April 3, 1951, but was not filed in the office of the Secretary of State until May 3, 1951.   On April 19th Emma Sees gave to State Foundry Inc., a bill of sale of specified property and equipment, said to be the property in dispute.   The consideration named was $2,000.   On the same day she received a chattel mortgage of the same property as security for the payment of a stated indebtedness of $2,000, signed " State Foundry, Inc., by George Gallien, President."   The latter was one of the named incorporators.   The court below held that, there being no such legal entity as State Foundry Inc., on April 19, 1951, the instrument was a nullity, but that, as the corporation subsequently used the property, it ratified the transfer to it.   It is apparent that during the month elapsing between the execution of the certificate of incorporation and its filing in the office of the Secretary of State, State Foundry Inc., was a *de facto* corporate entity meeting the three necessary requirements for such status.   There was a law under which it could be organized.   There was an attempt to organize it, subsequently effectuated.   Corporate powers were exercised by it (7 White on New York Corporations [12th ed.], § 5.19; *Methodist Episcopal Church* v. *Pickett,* 19 N. Y. 482).   Moreover, a contract made in the name of a corporation by its promoters prior to the completion of incorporation may bind the corporation either by its express ratification or by its accepting the benefits thereof (*Morgan* v. *Bon Bon Co.,* 222 N. Y. 22).

The second issue turns on the delay until August 2, 1951, in filing the chattel mortgage. The delay would not, of course, affect its validity as between the parties to it. The Planz judgment was obtained in Albany City Court May 1, 1952. The record does not disclose whether the claim on which the judgment was taken accrued prior to or after the filing. If before, the chattel mortgage would be void as to her, even though her judgment was obtained after the filing (*Skilton* v. *Codington,* 185 N. Y. 80). If, however, the claim accrued after the filing, the delay in filing would not inure to her benefit (*Matter of Myers,* 19 F. 2d. 600; 24 F. 2d. 349). See, also, *Skilton* v. *Codington* (105 App. Div. 617, revd. 185 N. Y. 80) holding that a chattel mortgage, though unseasonably filed, was valid from the date of its filing as against creditors whose claims arose subsequent to the filing. In reversing on other grounds the Court of Appeals (p. 86) commented, '' By reason of the failure to file the chattel mortgage for five years, that mortgage was void as against creditors whose claims accrued prior to such filing.''

The chattel mortgage in question was valid as between the corporation and appellant. Whether or not it was void as to the creditor Planz depends upon the time of the accrual of her claim.

The order should be reversed on the law and the matter remitted to Albany County Court for further proceedings, with costs in this court to appellant.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order reversed, on the law, and the matter remitted to the Albany County Court for further proceedings, with costs in this court to appellant.