In the Matter of EDWARD BIBINGER, INC. ALFRED A. ROSENBERG, Respondent; MURRAY BLOOM, Appellant.

Second Department, January 30, 1961.

*Frank Leavitt* for appellant.

*Louis P. Rosenberg* for respondent.

CHRIST, J.   A question of circular priorities is presented, involving the rights of holders of two successive mortgages on the same chattels and the rights of the mortgagor's assignee for the benefit of creditors.   The assignment was made on August 22, 1957.   The first mortgage had been given by the assignor sometime in 1956, to the First National City Bank of New York, to secure a loan of $12,600.   The second mortgage had been given by the assignor on March 8, 1957, to appellant Bloom, to secure a loan of $12,000.

It is undisputed that the bank's mortgage was not filed in the public office in which it was required to be filed by section 232 of the Lien Law, and that therefore it was "absolutely void as against the creditors of the mortgagor, and as against subsequent   *   *   *   mortgagees in good faith and for a fair consideration" (Lien Law, § 230), and it likewise was not a lien as against the assignee (Debtor and Creditor Law, § 17).   No such claim of invalidity of lien by reason of noncompliance with the filing requirements was made against appellant's mortgage.

The claim of the assignee as to appellant's mortgage is based on the fact that at the time of the making of that mortgage appellant had knowledge of the existence of the bank's mort-

gage and took subject to it; this knowledge being derived from the recital in appellant's mortgage that the chattels were free and clear of mortgages except for the bank's mortgage. In view of the fact that appellant had knowledge of the existence of the bank's mortgage, that mortgage of course continued valid as against appellant, at least absent the factor of invalidation as to creditors, or the assignee for the benefit of creditors, of the mortgagor (*Meech* v. *Patchin*, 14 N. Y. 71; *Hill* v. *Beebe*, 13 N. Y. 556; cf. *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Lewis* v. *Palmer*, 28 N. Y. 271; see, also, 1 Jones, Chattel Mortgages and Conditional Sales [Bowers ed.], §§ 246a, 312).

The bank, although a party to the application presently under review, has not appealed. The lien of its mortgage had been invalidated as against the assignee in a previous application, to which the appellant had not been made a party.

The assignee maintains that, by the invalidation of the bank's mortgage, it succeeded to the first priority of lien that would have been the bank's had the bank's mortgage not been thus invalidated. On the other hand, appellant's position is that his lien was always valid as against both the mortgagor and the assignee for the benefit of the mortgagor's creditors, and that his lien was elevated to first priority upon the invalidation of the only lien which could have been superior to his lien.

In pursuance of a stipulation, the chattels were sold by the assignee, and the proceeds of the sale are to be disbursed in accordance with the determination in this proceeding of the rights of the parties. The proceeds are less than the amount owing to the bank.

There seem to be no reported decisions on the point. Prior to a certain amendment to the Federal Bankruptcy Act (Act of 1952, ch. 579, § 23, subd. [f]; 66 Stat. 430), the position of a trustee in bankruptcy in a situation such as this was the same as that of an assignee for the benefit of creditors, so far as statutes were concerned (Bankruptcy Act, § 70, subd. [e], pars. [1], [2]; U. S. Code, tit. 11, § 110, subd. [e], pars. [1], [2]; see *Matter of Brown Bomber Baking Co.* [*Fiske*], 293 N. Y. 141, 145). However, the decisions in bankruptcy cases prior to that amendment indicate that until then no decisive uniform rule obtained on the subject. In *Matter of Espelund* (181 F. Supp. 108, 112) it was stated that the rule then was that, upon invalidation of a senior mortgage as against a bankruptcy trustee, a junior lienor became elevated in rank as against the trustee, even though the junior lienor had acquired his lien with notice of the existence of the senior lien. However, the authorities relied on therein for that proposition do not in fact support it

(*White* v. *Steinman,* 120 F. 2d 799; *Matter of Andrews,* 172 F. 2d 996). Further, the two articles to which *Matter of Espelund* (*supra*) referred, each by a chairman of the National Bankruptcy Conference, indicate that the situation needed statutory clarification and strengthening.

The 1952 amendment settled the problem clearly in favor of the trustee and contrary to the supposed rule to which reference was made in *Matter of Espelund* (*supra*). It added to paragraph 2 of subdivision (e) of section 70 of the Bankruptcy Act (U. S. Code, tit. 11, § 110, subd. [e], par. [2]) a provision empowering the court to order the obligation under a mortgage which is invalid because of improper filing '' to be preserved for the benefit of the estate '' and further stating that '' in such event the trustee shall succeed to and may enforce the rights of '' the holder of such mortgage, and that '' the trustee shall reclaim and recover such property or collect its value from and avoid such '' mortgage '' against whoever may hold or have received it ''.

Although the governing statutes in the instant case do not include provisions clearly and sharply transferring the rights under an invalidated mortgage to the assignee for the benefit of creditors, as against a junior mortgagee, as the 1952 amendment did for the benefit of a trustee in bankruptcy, it is our opinion that such statutes should nevertheless be construed as giving the assignee priority over the junior mortgagee. We believe that the Legislature, in pronouncing the lien of a chattel mortgage to be void because of noncompliance with the filing requirements, intended the beneficiaries of this legal consequence to be solely the parties as against whom the lien is stated in the statutes to be void, namely, '' the creditors of the mortgagor '' and '' subsequent purchasers and mortgagees in good faith and for a fair consideration '' (Lien Law, § 230) and the '' estate '' assigned for the benefit of the mortgagor's creditors (Debtor and Creditor Law, § 17). A subsequent lienor with notice of the subject prior lien is not included among such beneficiaries. We have noted that, so far as such a lienor is concerned, the rule was settled long ago that the lien of a prior mortgage is valid, even though the prior mortgage was not properly filed.

We agree with the observation in *Matter of Espelund* (181 F. Supp, 108, 112, *supra*) that a contrary construction would give the subsequent lienor an '' unearned windfall.'' The construction to which we here subscribe serves to '' harmonize the rules in bankruptcy and assignment proceedings '', besides achieving '' a result that is just, fair and equitable '' (*Matter of Pavone Textile Corp. [Bloom]*, 302 N. Y. 206, 213).

The order appealed from should be affirmed, with $10 costs and disbursements.

BELDOCK, Acting P. J., UGHETTA, KLEINFELD and BRENNAN, JJ., concur.

Order affirmed, with $10 costs and disbursements.