Howard Leonard Yood, Buffalo, N. Y., for Julius Ramm, trustee.

**In the Matter of Charles A. PECORARO, Bankrupt.**

**No. 49302.**

United States District Court
W. D. New York.

Dec. 31, 1963.

HENDERSON, District Judge.

On December 5, 1960, the petitioner, Manufacturers and Traders Trust Company, accepted a chattel mortgage executed by the bankrupt as collateral security for a loan upon which there is a balance due and owing. Some twenty-two months later, on October 2, 1962, the chattel mortgage was filed in the proper filing district. A petition in bankruptcy was filed by the bankrupt on October 10, 1962.

By petition verified November 13, 1962, the Trustee applied to the Referee in Bankruptcy for an order declaring the chattel mortgage of the petitioner null and void and authorizing the sale of an automobile secured by the chattel mortgage. For the purposes of that proceeding the parties stipulated the following facts:

1. The chattel mortgage referred to in said petition was properly executed on or about December 5, 1960, as security for a loan made by the Manufacturers and Traders Trust Company, represented by a note dated December 5, 1960, in the face amount of $2,343.60. The Manufacturers and Traders Trust Company will, on or before December 17,

1962, file a proof of secured claim for the balance owing on this debt at the present time.

2. A copy of the chattel mortgage was filed with the Clerk of Erie County, New York, on October 2, 1962, in such manner as to give the Manufacturers and Traders Trust Company whatever protection is afforded by the law of the State of New York by proper filing on that date.

3. Between the date of execution and the date of filing, a creditor of the bankrupt came into existence whose claim remains unpaid at the present time.

4. Between the date of execution and the date of filing, no creditor obtained a specific interest in the chattel referred to in the petition referred to by execution, levy, or attachment.

The principal question raised is whether under section 230 of New York's Lien Law, McKinney's Consol.Laws, c. 33, a chattel mortgage properly executed, but not filed until after the ten day period specified in that statute, will succeed as against the Trustee where an actual creditor has come into existence but has not acquired a specific lien on the property prior to the date of bankruptcy. For the purpose of review, the petitioner in its brief concedes that the creditor stipulated to have existed, did not have notice of the mortgage at the time he advanced credit. Prior to the amendment of section 230 in 1960 the section provided in part:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels * * * which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, *is absolutely void as against the creditors of the mortgagor, and as*

*against subsequent purchasers and mortgagees in good faith and for a fair consideration,* unless the mortgage, or a true copy thereof, is filed as directed in this article." [Emphasis added.]

As between the parties, of course, the chattel mortgage was deemed valid. However, if not filed within a reasonable time, the mortgage was absolutely void against all creditors, whether lien holders or not, provided their claims came into existence before the filing of the mortgage. Creditors coming into existence prior to the making of the mortgage were included in this class. Karst v. Gane, 136 N.Y. 316, 32 N.E. 1073 (1893); Constance v. Harvey, 215 F.2d 571 (2d Cir. 1954),[1] cert. denied 348 U. S. 913, 75 S.Ct. 294, 99 L.Ed. 716 (1955). On the other hand, the chattel mortgage was deemed valid as against those becoming creditors after the actual filing of the chattel mortgage. Petition of Planz, 282 App.Div. 552, 125 N.Y.S.2d 750 (3d Dep't 1953); Skilton v. Codington, 86 App.Div. 166, 83 N.Y.S. 351; Constance v. Harvey, supra. Thus, the statute's sanctions against late filing were limited in that they did not apply to parties or to those becoming creditors without notice subsequent to filing. The court in In re Creditors of Edward Bibinger, Inc., 12 A.D.2d 237, 210 N.Y.S.2d 319, 322 (2d Dep't 1961), stated the rule as follows:

"We believe that the Legislature, in pronouncing the lien of a chattel mortgage to be void because of noncompliance with the filing requirements, intended the beneficiaries of this legal consequence to be solely the parties as against whom the lien is stated in the statutes to be void, namely, 'the creditors of the mortgagor' and 'subsequent purchasers and mortgagees in good faith and for a fair consideration' (Lien Law, § 230) and the 'estate' assigned for

---

[1] The bankruptcy aspects disapproved in part in Lewis v. Manufacturers National Bank of Detroit, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961).

the benefit of the mortgagor's creditors (Debtor and Creditor Law, § 17). A subsequent lienor with notice of the subject prior lien is not included among such beneficiaries. We have noted that, so far as such a lienor is concerned, the rule was settled long ago that the lien of a prior mortgage *is valid* even though the prior mortgage was not properly filed." [Emphasis added.]

In its report of March 29, 1960, the Joint Legislative Committee on Commerce and Economic Development,[2] in recommending amendment of section 230 of the Lien Law, outlined the purpose of the proposed amendment as follows:

"4. Amend § 230 of the Lien Law in relation to the filing of chattel mortgages to substitute for the indefinite standard of a reasonable time for the filing of chattel mortgages prescribed by the cases interpreting existing law, a precise time limit of 10 days after the making of the chattel mortgage *but also to provide for the limited effect of late filing.*

"It is the view of the Committee that, so far as possible, statutes relating to the perfecting of liens and security interests should be precise and definite and not subject to misinterpretation either by lawyers or laymen." [Emphasis added.]

As amended in 1960 section 230 reads

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith and for a fair consideration, unless the mortgage, or a true copy thereof, is filed as directed in this article *within ten days after the making thereof. Filing thereafter shall be valid; but in that event, except as between the parties, the mortgage shall be deemed to be created by the mortgagor as of the time of such filing, without relation back, as against all persons not having notice of the mortgage."* [Italics indicates added material.]

The petitioner contends that the Legislature, by the additional language relating to validity, intended the section to operate as does section 65 of the Personal Property Law, McKinney's Consol. Laws, c. 41, which governs conditional sale contracts. Under section 65 creditors without notice and coming into existence prior to a late filing, acquire a right superior to the conditional vendor only if they have perfected a lien upon the goods by attachment or levy. The respondent argues, and the Referee below found that no such change was intended.

Having considered the state of the law prior to the amendment, the Joint Report of the Committee on Commerce and Economic Development, and the amended statute, the court is convinced that the latter view is correct. The addendum, it appears, was intended to recognize the validity of the mortgage as between the parties and its validity, without relation back, as against all persons not having notice of the mortgage; that is, its validity as to those creditors coming into existence without notice subsequent to the filing of the mortgage.

On the basis of this construction and the operation of section 70, sub. e of the Bankruptcy Act, the decision of the Referee is affirmed.

So ordered.

2. Leg.Doc. (1960) 79, p. 19.