In the Matter of LEAGUE BOOKBINDING CO., Inc., Bankrupt.

United States District Court
S. D. New York.
Feb. 13, 1964.

Lawrence H. Levinson, New York City, for mortgagee, Sidney Brand.

Michael Berman, New York City, for trustee.

WEINFELD, District Judge.

This is a petition to review an order of the Referee in Bankruptcy which held void a chattel mortgage upon the bankrupt's property as against the trustee in bankruptcy. The essential facts are not in dispute. The chattel mortgage was executed on April 27, 1959 but was not filed in the Office of the Register of New York County until July 6, 1961. The petition in bankruptcy was filed on August 3, 1962. There are creditors whose claims arose between the date of the execution and delivery of the chattel mortgage and the date of its filing, none of whom had notice of the mortgage.[1]

The petitioner concedes, as indeed he must, that under the New York Lien Law in effect at the time of the delivery of the mortgage it was void as against creditors during the more than two years that it was unfiled. He contends, however, that under an amendment to section 230 of the New York Lien Law, which became effective on October 1, 1960 (hereafter considered), the mort-gage must be deemed created and valid as of the date of its filing and hence is superior to the lien of the trustee.

Under New York law,[2] both before and subsequent to the 1960 amendment, a chattel mortgage, unaccompanied by an immediate delivery and actual change of possession of the chattel, is absolutely void as against creditors of the mortgagor, subsequent good faith purchasers and mortgagees for value unless filed.[3] Prior to the 1960 amendment, no time was prescribed for the filing of the mortgage. The New York courts held, however, that the instrument had to be filed within a reasonable time after its execution and delivery; what was a reasonable time presented a question of fact to be determined upon all the circumstances in each case.[4] Simple contract creditors were among those as against whom an unfiled chattel mortgage was condemned as void whether their claims antedated or arose subsequent to the execution of the unfiled instrument.[5] If, however, their claims arose after the chattel mortgage had been filed, even though unseasonably, the mortgage was valid as against them, since they were on notice by virtue of the filing.[6]

The invalidity of an unfiled or an unseasonably filed chattel mortgage as against a simple contract creditor is in sharp contrast with the more limited protection given to creditors of a buyer in possession of goods under an unfiled or an unseasonably filed conditional sales agreement. New York State has long recognized the distinction, and different

1. The mortgaged property was sold and the proceeds of the sale are being held subject to final determination of this proceeding.

2. The issue of whether or not a valid lien existed upon the bankrupt's property is governed by the recording laws of the State of New York. Holt v. Crucible Steel Co., 224 U.S. 262, 32 S.Ct. 414, 56 L.Ed. 756 (1912).

3. N.Y.Lien Law § 230.

4. See Matter of Paramount Finishing Corp., 259 N.Y. 558, 182 N.E. 180 (1932); Tooker v. Siegel-Cooper Co.,

194 N.Y. 442, 87 N.E. 773 (1909); Karst v. Gane, 136 N.Y. 316, 32 N.E. 1073 (1893); Brown v. Atlantic Bank, 259 F. 2d 920 (2d Cir. 1958) (per curiam).

5. Karst v. Gane, 136 N.Y. 316, 32 N.E. 1073 (1893).

6. Petition of Planz, 282 App.Div. 552, 125 N.Y. Supp. 750 (3d Dep't 1953); In re Varratos, 159 F.Supp. 730 (S.D.N.Y. 1957), aff'd per curiam sub nom., Brown v. Atlantic Bank, 259 F.2d 920 (2d Cir. 1958); In re Myers, 19 F.2d 600 (N.D. N.Y.1927), modified on other grounds, 24 F.2d 349 (2d Cir. 1928).

statutes govern.[7] Thus, under New York law, a conditional sales instrument is void only as to creditors without notice of its existence *and who acquired a lien by levy or attachment* before the instrument is filed. As to creditors who have not perfected liens, the condition, or the retention of title, remains valid.[8] This basic distinction between the vulnerability of an unfiled chattel mortgage and an unfiled conditional sales agreement at the instance of creditors, although criticized,[9] reflects New York State policy which, as long as it is in force,[10] may not be ignored by the courts.[11]

When there is no creditor, whose claim arose between the date of execution and the date of filing of a chattel mortgage, and who under section 230 of the New York Lien Law, as it read prior to its 1960 amendment (or under a provision of like tenor), would have the right to void the mortgage, the trustee may not attack it.[12] Conversely, when there is an existing creditor who can set the transaction aside, the trustee may void the chattel mortgage under section 70(c) *of* the Bankruptcy Act.[13] Since in the instant case there are creditors whose claims arose between the date of execution of the chattel mortgage and the date of filing more than two years later,

it is clear that the trustee would have succeeded, prior to the 1960 amendment to section 230,[14] in his attack upon the validity of the mortgage. The petitioner, however, urges that the amendment wrought a substantial change in the existing law and compels a contrary result.

So far as here material, the first sentence of the amendment leaves existing law substantially unchanged, except that it provides for the filing of a chattel mortgage "within ten days after the making thereof." Thus, instead of a variable reasonable time to be determined, case by case, the law now specifies the period of filing. The amendment then continues with the following:

"Filing thereafter [10 days] shall be valid; but in that event, except as between the parties, the mortgage shall be deemed to be created by the mortgagor as of the time of such filing, without relation back, as against all persons not having notice of such mortgage."

The petitioner invokes this provision to support his contention that his chattel mortgage is now immune against the trustee's challenge despite the fact that it remained unfiled from April 27, 1959 to July 6, 1961. He does not dispute that at no time up to October 1, 1960, the effective date of the amendment, or up

7. N.Y. Pers. Prop. Law, §§ 64, 65 (conditional sales agreements); N.Y.Lien Law § 230 (chattel mortgages); Baker v. Hull, 250 N.Y. 484, 166 N.E. 175 (1929); Quinn v. Bancroft-Jones Corp., 18 F.2d 727 (2d Cir. 1927).

8. Baker v. Hull, 250 N.Y. 484, 166 N.E. 175 (1929); Sims v. Capitol Refrigeration Co., 294 F.2d 111 (2d Cir. 1961); In re Excelsior Macaroni Co., 55 F.2d 406 (E.D.N.Y.1931).

9. Judge Learned Hand thought it "a barren distinction, though indubitably true, that title does not pass upon a conditional sale * * *," dissenting in In re Lake's Laundry, Inc., 79 F.2d 326, 328 (2d Cir. 1935).

10. The distinction between conditional sales contracts and chattel mortgages in New York has been eliminated by the adoption of the Uniform Commercial Code, effective September 27, 1964.

11. Quinn v. Bancroft-Jones Corp., 18 F. 2d 727 (2d Cir. 1927).

12. Lewis v. Manufacturers Nat'l Bank, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961), overruling Constance v. Harvey, 215 F.2d 571 (2d Cir. 1954), cert. denied, 348 U.S. 913, 75 S.Ct. 294, 99 L.Ed. 716 (1955).

13. 66 Stat. 430 (1952), 11 U.S.C. § 110 (c) (1958) provides: "The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

14. N.Y.Lien Law § 230 (1963 Supp.) (effective Oct. 1, 1960).

to the date of the filing of the chattel mortgage thereafter, on July 6, 1961, could he have resisted the trustee's attack upon it. However, he argues that by reason of the amendment quoted above, the chattel mortgage must be deemed to have been created on the date of its filing and that the trustee's lien which arose on August 3, 1962, when the bankruptcy petition was filed, is subordinate to the lien of the chattel mortgage. He emphasizes the words "the mortgage shall be deemed to be created by the mortgagor as of the time of such filing * * *." He contends that despite the late filing, a new mortgage is created when filed and that it follows, in the instance of such new mortgage, there can be no such thing as an intervening creditor. The substance of his position is that prior to the amendment, since the trustee succeeded to the rights of intervening creditors, the chattel mortgage was void by reason of untimely filing and the trustee could always set it aside; that the quoted language was intended to remove the invalidity once the mortgage was filed (even beyond this ten-day period) and that the amendment applies the same principle which protects

the rights of a conditional vendor against the trustee whose lien arises subsequent to the late filing of a conditional bill of sale—in fine, that the purpose of the amendment was to conform the law relating to late filings of chattel mortgages to the law of conditional sales contracts.

It may be that the sentence in question is not a model of clarity.[15] There is little, if any, legislative history to give guidance. But whatever the possible ambiguity of the language quoted above, it hardly bespeaks a legislative purpose to abolish the long established difference between the legal consequences of the late filing of a chattel mortgage and a conditional sales agreement. Since New York legislation has not only . treated them differently, but in "noticeably different language,"[16] it would require a clear indication of a legislative purpose to depart from the traditional difference in treatment of each. And if such had been the purpose, it would have been a simple matter to effect the change which petitioner suggests by bringing the statutes into conformity. Moreover, petitioner's position completely disregards the phrase "without relation back." Does this not suggest that the superior rights

15. There are no decisions in the New York courts subsequent to the 1960 amendment to indicate the overruling of Karst v. Gane, 136 N.Y. 316, 32 N.E. 1073 (1893), the leading authority for the rule that simple contract creditors come within the protection of section 230 even though their claims are not reduced to judgment and liens perfected or attachments obtained.

One commentator on the 1960 amendment, Hart, Annual Survey of New York Law on Commercial Law, 35 N.Y.U.L. Rev. 1478 (1960), and another on the New York Uniform Commercial Code, Coogan, How to Create Security Interests Under the Code—And Why, 48 Cornell L.Q. 131 (1962), seem to suggest that the 1960 amendment did not overrule Karst v. Gane, supra. The annotations to section 9—301(1) (b) of the New York Uniform Commercial Code state that the law is uncertain. "Lien law, § 230, was amended [in 1960] to provide for a ten-day grace period for filing, but it is uncertain whether the rule of Karst v. Gane still might not permit creditors

to reach collateral even after filing where filing is delayed more than ten days. The Code removes that doubt by requiring the creditor to obtain his lien prior to perfection." Annotations to § 9—301(1) (b) of the Uniform Commercial Code, Consol. Laws Serv.

Petitioner cites a Legislative Bulletin of the New York City Bar Association to support his interpretation of the 1960 amendment. The Bulletin states that the case law relating to conditional sales agreements "seems to have established the same rule as that proposed for incorporation in the chattel mortgage statute." In the conditional sales agreement case referred to, the purchaser for value who attached the vendor's lien acquired his interest as such purchaser *after* the agreement was filed late. Thus the case and the Bulletin are of little help, if any, to petitioner since the interest of the creditors here arose *prior* to late filing.

16. Quinn v. Bancroft-Jones Corp., 18 F. 2d 727, 728 (2d Cir. 1927).

of intervening creditors, resulting from lack of timely filing, were not to be disturbed?

It is significant that the Governor's memorandum of approval contains not the slightest intimation or suggestion that the amendment makes the far-reaching changes in the existing law attributed to it by petitioner, although other, less drastic, changes are mentioned.[17] Presumably such an important change as petitioner contends was made would have drawn some slight passing comment at the very least.

■ It is, however, not necessary to indulge in inference or surmise as to the legislative purpose. The first sentence of section 230 of the Lien Law, as amended, still declares that unless the mortgage is filed within ten days after its making, it "is absolutely void as against the creditors of the mortgagor * * * "—the identical language of the section before its amendment. This Court is of the view that the amendment does not overrule, nor was it intended to overrule, the explicit decisions of the courts based on the unchanged first sentence of section 230 that a late-filed mortgage is absolutely void as against intervening creditors.[17a]

In re Consorto Const. Co.,[18] relied on so heavily by petitioner, does not help him. The statute there under considera-tion, as construed by the Court, held valid a late-filed chattel mortgage as against all creditors except prior lienors—simple contract creditors are not protected. The case is distinguishable on two grounds. First, Pennsylvania law, which was applied, is entirely different from section 230 and New York decisions construing it; second, the Third Circuit did not have before it anything comparable to New York's traditional approach to the rights of creditors with respect to late-filed chattel mortgages.

Although the Court raised the question upon the argument as to whether the 1960 amendment retroactively affects a chattel mortgage executed in 1959, as the instant one, the parties have not touched upon the matter in their briefs. The Court has assumed that it does. Accordingly, the conclusion reached here makes it unnecessary to consider the question, which is indeed a substantial one, since if petitioner's contention were upheld, it would mean that although the intervening creditors enjoyed a superior position to the petitioner for over two and a half years, the amendment and the late filing of the mortgage would result in subordinating their position in favor of the mortgagee.

The chattel mortgage is ruled to be voidable at the instance of the trustee, and for the reasons stated herein the Referee's order is affirmed.

---

17. "This bill, sponsored by the Joint Legislative Committee on Commerce and Economic Development, makes a number of amendments in the Personal Property and Lien Laws in order to achieve a greater conformity between the provisions of the laws relating to conditional sales contracts and chattel mortgages. Among the changes it makes is to reduce the annual refiling requirement to a once-in-three years requirement both for conditional sales contracts and for chattel mortgages, and to provide a definition of 'residence' with respect to domestic and foreign corporations, as well as partnerships, for the purpose of filing and re-filing requirements. * * * " Governor's memorandum approving L.1960, c. 1004, N.Y.Sess.Laws 1960, p. 2057.

17a. A similar conclusion as to the effect of the 1960 amendment was reached in In the Matter of Pecoraro, 224 F.Supp. 642 (W.D.N.Y.1963) which came to the Court's attention after the opinion in this case was filed.

18. 212 F.2d 676 (3d Cir.), cert. denied, 348 U.S. 833, 75 S.Ct. 57, 99 L.Ed. 657 (1954). The petitioner erroneously states that the Court of Appeals' order was affirmed by the Supreme Court.