In the Matter of LEAGUE BOOKBIND-ING CO. Inc., Bankrupt.

No. 123, Docket 28819.

United States Court of Appeals Second Circuit.

Argued Oct. 27, 1964.

Decided Dec. 23, 1964.

Lawrence H. Levinson, New York City, for appellant.

Michael Berman, New York City, for appellee.

Before LUMBARD, Chief Judge, HAYS and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

This is an appeal from Judge Weinfeld's affirmance, reported at 226 F.Supp. 775 (S.D.N.Y.1964), of an order of the Referee in Bankruptcy, voiding a chattel mortgage at the instance of the trustee in bankruptcy.

A chattel mortgage can be voided by the trustee under section 70, sub. c of the Bankruptcy Act,[1] when, according to applicable state law, here New York law, there is a creditor who has a claim that is superior to the chattel mortgage. The chattel mortgage on the bankrupt's property was executed and delivered on April 27, 1959 but was not filed until July 6, 1961; and the trustee sought to succeed to the allegedly superior claims of creditors that arose in the two year period between the date of execution and delivery and the date of filing, none of these creditors having any notice of the chattel mortgage.

■ Prior to the 1960 amendment of section 230 of the New York Lien Law, McKinney's Consol.Laws, c. 33, this chattel mortgage would be void against the mortgagor's creditors arising before the date of late filing, Karst v. Gane, 136 N.Y. 316, 32 N.E. 1073 (1893), and under this law the trustee could have unquestionably voided it. The question then is whether the 1960 amendment of section 230 either had the purpose or effect of changing this law in favor of appellant, the holder of the chattel mortgage.

The text of the 1960 amendment, which is set out in the margin,[2] is indeed

1. 11 U.S.C. § 110, sub. c:
   "The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

   The bankrupt filed a voluntary petition in bankruptcy on August 3, 1962; the mortgaged property was sold and the proceeds are being held by the trustee pending the outcome of these proceedings.

2. "Chattel mortgages to be filed.
   Every mortgage or conveyance intended to operate as a mortgage of goods and chattels, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith and for a fair consideration, unless the mortgage, or a true copy thereof, is filed as directed in this article within ten days after the mak-

ambiguous. Appellant's strongest argument lies in the language "the mortgage shall be deemed to be created by the mortgagor as of the time of such [late] filing." If the chattel mortgage were actually created, i. e., executed and delivered and also filed on July 6, 1961, it would be superior to the claims of the simple creditors being asserted by the trustee; and appellant urges that words "deemed to be created" achieves this result for that is the date of late filing. Appellant also insists that the words "as against all persons not having notice of such mortgage" could only refer to creditors arising prior to the late filing, since subsequent to and by virtue of the filing all creditors would be deemed by law to have notice. However, appellant's interpretation does not give the language of section 230 that makes mortgages "absolutely void * * * unless * * * filed * * * within ten days" its full accord. Nor does it take full account of the words "without relation back," for although these words could mean that the date of "deemed-creation" should be the date of late filing, as opposed to any earlier date, such as the date of execution and delivery, the usual date of creation if it is filed within the grace period, these words could also mean that the late-filed mortgage should not be deemed to have the effect of nullifying the claims of simple creditors that intervened prior to the date of late filing. Furthermore, the last sentence of the amendment could be given meaning without yielding to appellant's interpretation. For example, the sentence could apply to the situation where a bona fide subsequent mortgagee files within his ten-day grace period but after the prior mortgagee, whose ten-day grace period already expired, had filed;

if the word "notice" in the last line of the amendment refers to "actual" rather than "constructive" notice, the subsequent mortgagee would be superior, for since he filed within his grace period he is given the same protection as though he filed on the date of execution and delivery, and the prior mortgagee's date of creation will be deemed the date of his late filing.

This textual ambiguity can only be resolved by making some assessment of the purpose of the New York Legislature in enacting this amendment. If the appellant's interpretation of the amendment were correct, then an oft criticized distinction, deeply imbedded in New York law, between conditional sales agreements and chattel mortgages would be dissolved; according to this distinction a late-filed conditional sales agreement is void only as to bona fide creditors who acquired a lien by levy or attachment before the late filing, N.Y. Personal Property Law, McKinney's Consol. Laws, c. 41, § 65, while a late-filed chattel mortgage is vulnerable to all bona fide creditors. However, as Judge Weinfeld maintained, 226 F.Supp. at 778–779, there is no indication that the 1960 amendment sought to remove this notorious distinction in New York commercial law. The purpose of the legislature was more limited—to change the grace period for filing from a "reasonable time" to ten days, not to give a delinquent mortgagee, who even failed to take advantage of the grace period, the option of filing the instrument whenever he pleased without the risk of being subordinate to intervening creditors. See In re Pecoraro, 224 F.Supp. 642 (W.D.N.Y.1963) to the same effect.

Affirmed.

ing thereof. Filing thereafter shall be valid; but in that event, except as between the parties, the mortgage shall be deemed to be created by the mortgagor as of the time of such filing, without relation back, as against all persons not having notice of such mortgage."