**Joseph F. LYNCH, Trustee in Bankruptcy of the Estate of Joseph F. Tilley and Nancy M. Tilley, Appellant,**

**v.**

**The COUNTY TRUST COMPANY, Appellee.**

**Nos. 160, 161, Dockets 32681, 32682.**

United States Court of Appeals Second Circuit.

Argued Nov. 7, 1968.

Decided Dec. 12, 1968.

Joseph F. Lynch, Binghamton, N. Y., appellant pro se.

Seymour A. Geller, Yonkers, N. Y. (Dulman & Geller, Yonkers, N. Y., on the brief), for appellee.

Before LUMBARD, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

**1150**

MEDINA, Circuit Judge:

This case raises an interesting question of law that arises from occurrences in the transition period prior and subsequent to September 27, 1964 when the New York Uniform Commercial Code took effect and the provisions of the New York Personal Property Law applicable to the filing of security interests were repealed.

On June 11, 1964 Joseph F. Tilley and his wife, Nancy, the bankrupts, purchased from Hawk Sales Co., Inc., a Marlette House Trailer. The installment conditional sale contract was promptly financed by and assigned to the County Trust Company of White Plains, New York. The residence of the Tilleys was Long Branch Road, Liverpool, New York, and the filing of the security interest of the Trust Company should have been in the Town of Clay. Instead, and through inadvertent error, the security interest was filed on June 16, 1964 in the Town of Salina. On May 17, 1965, and in accordance with the filing requirements of the Uniform Commercial Code, there was a filing in the Office of the Clerk of Chenango County, where the Tilleys then resided. The bankruptcy petition against them was filed on August 24, 1965.

The pleadings before the Referee raised a single issue: was the security interest of the Trust Company null and void *vis-a-vis* the hypothetical judicial lien of the trustee arising out of the provisions of Section 70(c) of the Bankruptcy Act, 11 U.S.C., Section 110(c)? While several peripheral legal points were argued, none of which, in the light of the theory on which our decision rests, need concern us now, the principal question before the Referee related to the filings as above stated. Nothing was said about any alleged unlawful prefer-ence, nor was any testimony taken on the subject of whether or not the Trust Company at the time of the filing on May 17, 1965 "had reasonable cause to believe that the debtor was insolvent."

Curiously enough the Referee's attention was called to Section 10–102(3) (c) of the clause of the Code relative to the laws repealed and making "Provision for Transition" [1] but not to Section 10–102(3) (b) which Judge Foley later held to be controlling here. We agree with Judge Foley. Subdivision (c) is inapplicable because it concerns only the perfection of a security interest by "taking possession of the collateral." Subdivision (b) is as follows:

A security interest, however denominated in any law repealed by this Act, which was not perfected when this Act takes effect but which could have been perfected before this Act takes effect by a filing, refiling or recording under a law repealed by this Act, and which, if this Act applied, could be perfected by the filing of a financing statement under this Act, may be perfected by the filing of a financing statement in accordance with this Act.

The security interest in this case "was not perfected when this Act takes effect" (September 27, 1964), it "could have been perfected before" the Act took effect by a filing in the proper place, and "if this Act applied" it could be filed "under this Act" and hence "may be perfected by the filing * * * in accordance with this Act." Thus the filing in Salina on May 17, 1965 was a proper "perfection" of the lien.

That such was the intention of the Legislature is further sustained by the following comment in the New York

---

1. Section 10–102(3) (c) of the New York Uniform Commercial Code:

A security interest, however denominated in any law repealed or modified by this Act, which was not perfected when this Act takes effect but which could have been perfected before this Act takes effect by the secured par-ty's taking possession of the collateral under a law repealed or modified by this Act, and which, if this Act applied, could be perfected by the secured par-ty's taking possession of the collateral, may be perfected by the secured party's taking possession of the collateral in accordance with this Act.

State Legislative Annual for 1964, pp. 92–3:

> Subsection (b) permits the perfection, by a Code filing, of a pre-Code security interest which could have been, but was not, perfected by a filing or recording. Thus, a pre-Code lien which requires a filing or recording for perfection under the pre-Code law and which can be perfected by a filing under the Code is allowed to be perfected by a Code filing after the Code takes effect. For example, a pre-Code chattel mortgage is required to be recorded for perfection; under the Code a filing is also required. It seems desirable to permit the secured party, who has not perfected by a filing or recording when the Code takes effect, to perfect thereafter by filing under the Code. If Code filing were not made available to him, it would be necessary to continue the operation of present pre-Code filing and recording systems; otherwise, he would be deprived of any opportunity to perfect his security interest. It is clearly better to limit all filings to the Code system after the Code takes effect.

According to appellant's view Section 65 of the N. Y. Personal Property Law, McKinney's Consol. Laws, c, 41,[2] which was in force at the time of the filing in the wrong place, requires a filing "within ten days after the making of the conditional sale" and he would have us hold that, as the filing was not properly made within the 10 days the security interest became "void" and could not be "perfected" thereafter, no matter what were the provisions of the later adopted Code. At least that is how we understand his argument. The difficulty with this contention, however, is that, as held in

Associates Discount Corporation v. Davis Motor Sales, 275 App.Div. 745, 746, 87 N.Y.S.2d 757 (4th Dept. 1949), "The statute does not require the filing of the contract at any particular time." The 10-day exception of Section 65 merely protects the holder of the security interest who files within the 10-day period even as to a purchaser or creditor of the buyer "who, without notice of such a provision (reserving title in the seller), purchases the goods or acquires by attachment or levy a lien upon them." In the usual case under New York law, "a conditional sales instrument is void only as to creditors without notice of its existence and who acquired a lien by levy or attachment before the instrument is filed," In re League Bookbinding Co., 226 F.Supp. 775, 777 (S.D.N.Y.1964), but if filed within the 10-day grace period, this section protects the secured party even against the purchaser or lienor by attachment or levy who achieved that status before the filing.

Assuming *arguendo* that the trustee is invested with the status of a purchaser or attachment lienor by Section 70(c), his hypothetical lien did not come into existence within the 10-day period nor before filing but only on the date of bankruptcy—*after* the proper filing.

There was a time when such technical matters as misnomers, erroneous filings and a host of other details not affecting the merits provided judges and lawyers with material on which to sharpen their wits. Happily times have changed. Doubtless many of these minor ways of doing injustice remain to plague us. It can at least be said that the Uniform Commercial Code was conceived "in the spirit of liberality and substantial justice so often expressed by Professor Karl N.

2. Section 65 of the N.Y. Personal Property Law:

> *Conditional sales void as to certain persons*
> Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale. This section shall not apply to conditional sales of goods for resale.

Llewellyn, the Chief Reporter of the Code." In re Excel Stores, Inc., 341 F.2d 961, 963 (2 Cir. 1965). We think this spirit of liberality and substantial justice applies to the entire Code as adopted in New York, although the particular subdivision (b) of Section 10–102(3) is "new matter" which necessarily varies from State to State.

Appellant's brief states that "the bankrupts advised the appellee or its agents of the proposed bankruptcy and therefore permitted appellee to file under the UCC on May 17, 1965," apparently to suggest that appellee received a voidable preference. The record before us, however, is barren of any evidence on this subject and neither the pleadings nor the decisions of the Referee or Judge Foley make any reference to the subject.

Affirmed.